**In re BEJARANO.**

[Cite as *In re Bejarano* (1989), 65 Ohio App.3d 202.]

Court of Appeals of Ohio,
Defiance County.

No. 4-88-2.

Decided Nov. 1, 1989.

*Bugbee & Conkle* and *Robert L. Solt III*, for appellant.

*Spitler & Williams–Young Co., L.P.A., Steven M. Spitler* and *Susan E. Byrne*, for appellee.

THOMAS F. BRYANT, Judge.

This is an appeal by defendant-appellant, Central Foundry Division, General Motors Corporation, from the order of the Court of Common Pleas of Defiance County granting plaintiff-appellee, Gloria Ernestina Bejarano, leave to perpetuate the testimony of her husband, Jose C. Bejarano, pursuant to Civ.R. 27.

On September 21, 1987, pursuant to Civ.R. 27, appellee filed a petition to perpetuate the testimony of her husband. Appellee requested and was granted permission to take the deposition of her husband, Jose C. Bejarano, regarding the facts and circumstances of the work performed by him on January 31, 1986 at the Central Foundry Division, General Motors Corporation. On January 31, 1986, Jose Bejarano suffered a myocardial infarction allegedly as a result of his employment at Central Foundry. Jose Bejarano filed a workers' compensation claim. Appellee requested leave to depose her husband since the medical prognosis made it questionable as to whether her husband would survive his injuries. Appellee claims that should her husband die she will have a claim, arising from his death, under the Ohio workers' compensation law.

The trial court granted appellee's petition to perpetuate the testimony of her husband through a limited deposition. It is from this decision that appellant raises one assignment of error.

Appellant's sole assignment of error is:

"The trial court erred in granting petitioner-appellee's petition to perpetuate the testimony of Jose C. Bejarano."

Civ.R. 27, perpetuation of testimony, states:

"(A) Before Action.

"(1) Petition. A person who desires to perpetuate * * * the testimony of another person regarding any matter that may be cognizable in any court may file a petition in the court of common pleas in the county of the residence of any expected adverse party. The petitioner shall verify that he believes the facts stated in the petition are true. The petition shall be entitled in the name of the petitioner and shall show:

"(a) That the petitioner or his personal representatives, heirs, beneficiaries, successors, or assigns may be parties to an action or proceeding cognizable in a court but is presently unable to bring or defend it;

"(b) The subject matter of the expected action or proceeding and his interest therein * * *;

"(c) The facts which he desires to establish by the proposed testimony and his reasons for desiring to perpetuate it;

"(d) The names or, if the names are unknown, a description of the persons he expects will be adverse parties and their addresses so far as known;

"(e) The names and addresses of the persons to be examined and the subject matter of the testimony which he expects to elicit from each.

"The petition shall then ask for an order authorizing the petitioner to take the depositions of the persons to be examined named in the petition, for the purpose of perpetuating their testimony.

"* * *

"(3) Order and examination. If the court is satisfied that the allowance of the petition may prevent a failure or delay of justice, and that the petitioner is unable to bring or defend the contemplated action, the court shall order the testimony perpetuated * * *."

█ Appellee in her petition satisfied the requirements of Civ.R. 27(A)(1)(a), (b), (c), (d) and (e) and the lower court in its entry stated it was satisfied that granting appellee's petition may prevent a failure or delay of justice. We believe that the decision to grant or deny a petition to perpetuate testimony is within the sound discretion of the trial court and unless there has been an abuse of that discretion we will not reverse.

"The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482–483, 450 N.E.2d 1140, 1142.

However, to bring an appeal from a decision in a special proceeding that decision must affect a substantial right. R.C. 2505.02. "A substantial right involves the idea of a legal right, one which is protected by law." *Union Camp Corp. v. Whitman* (1978), 54 Ohio St.2d 159, 161, 8 O.O.3d 155, 157, 375 N.E.2d 417, 419.

█ We believe that a petition to perpetuate testimony is a special proceeding within the test set forth in *Bernbaum v. Silverstein* (1980), 62 Ohio St.2d 445, 447, 16 O.O.3d 461, 462–463, 406 N.E.2d 532, 534–535. "Research discloses that a prime determinant of whether a particular order is one made in a special proceeding is the practicability of appeal after final judgment. A ruling which implicates a claim of right that would be irreparably lost if its review need await final judgment is likely to be deemed a final order." *Bernbaum, supra,* at 447, 16 O.O.3d at 463, 406 N.E.2d at 534–535.

We believe that an order of the trial court *denying* the relief requested, in a petition filed pursuant to Civ.R. 27 to perpetuate testimony, may be a final appealable order.[1] Denial of a petition to perpetuate testimony could result in a claim of right being irreparably lost, since there may be a failure of justice. As stated previously, on appeal the proper standard of review when the trial court denies relief is whether there has been an abuse of discretion by the trial court.

Alternatively, we believe that an order of the trial court *granting* the relief requested, in a petition filed pursuant to Civ.R. 27 to perpetuate testimony, is not a final appealable order. For example, in this case, there is no substantial right of the defendant affected. There will be no claim of right irreparably lost or failure or delay of justice suffered by defendant if plaintiff is permitted to preserve the testimony of Jose Bejarano.

Moreover, the purpose of Civ.R. 27 is to afford relief from a possible delay of justice. This purpose is hardly served by the delay inherent in the range of appeals which might be promulgated by a prospective defendant. Such delay could result in the loss of the unrecorded testimony the petitioner is attempting to preserve.

Since there is no substantial right of appellant affected by the trial court's granting of the petition to perpetuate testimony, this appeal is not taken from a final order and is not properly before this court.

For the reasons stated above and upon the authorities cited and discussed, we find that without a final order this court has no jurisdiction and this appeal is dismissed.

*Appeal dismissed.*

Evans, P.J., and Shaw, J., concur.

---

1. Contrast a pretrial motion or discovery matter preparatory to trial in a pending action. Cf. *Klein v. Bendix–Westinghouse Co.* (1968), 13 Ohio St.2d 85, 42 O.O.2d 283, 234 N.E.2d 587; *Kennedy v. Chalfin* (1974), 38 Ohio St.2d 85, 67 O.O.2d 90, 310 N.E.2d 233.