THE STATE OF OHIO, APPELLEE, *v.* DOE; LEWIS, APPELLANT.

[Cite as *State v. Doe,* 101 Ohio St.3d 170, 2004-Ohio-705.]

(No. 2002–1666—Submitted October 22, 2003, at the Clinton County Session—Decided March 3, 2004.)

Moyer, C.J.

{¶ 1} This appeal concerns contempt proceedings brought against attorney Beth Goldstein Lewis, appellant. Lewis, citing attorney-client privilege and the advice of counsel, refused to answer written interrogatories propounded to her by a Montgomery County grand jury, even after having been ordered to do so by the Common Pleas Court of Montgomery County.

{¶ 2} Lewis had represented Jan Marie Franks in prior criminal matters. Franks died on December 30, 2001. In order to encourage Lewis to provide information concerning Franks in connection with a criminal investigation, the police obtained an affidavit from Franks's surviving husband, Shane Nolan Franks. In that affidavit, Shane expressly consented, pursuant to R.C. 2317.02(A), to the disclosure of all communications made to Lewis by Jan Franks as client and to disclosure of any advice given to Franks by Lewis.

{¶ 3} The state thereafter issued a subpoena requiring Lewis to appear before the grand jury. Lewis appeared but refused to answer 18 of 20 written interrogatories submitted to her. Pursuant to R.C. 2317.02(A), the state then moved that the court of common pleas acknowledge the validity of the waiver executed by Shane Nolan Franks as the surviving spouse of Jan Marie Franks, "so that attorneys for her may be relieved of the limitations upon testimony as to communications that would have been privileged pursuant to R.C. 2317.02(A) or otherwise."

{¶ 4} Following an ex parte hearing on the state's motion, the court found that Shane Nolan Franks was the surviving spouse of Jan Franks at the time of her death. It concluded that his waiver of her attorney-client privilege was valid pursuant to R.C. 2317.02(A) and declared that attorneys who had represented her could testify regarding communications made between Jan Franks and her attorneys. Lewis nevertheless refused to answer the grand jury interrogatories.

{¶ 5} In a separate entry filed the same day, the court ordered Lewis to answer the written grand jury interrogatories. Lewis, aware of the entry of the court, again appeared before the grand jury and again refused to answer its questions.

{¶ 6} The following day the court held a hearing, pursuant to R.C. 2939.15.[1] Counsel for both the state and Lewis attended the hearing, which was closed to the public. Lewis was given an opportunity to present any evidence she might

---

1. R.C. 2939.15 provides: "If the court of common pleas determines that a witness before a grand jury is required to answer an interrogatory and such witness persists in his refusal, he shall be brought before the court, which shall proceed in a like manner as if such witness had been interrogated and refused to answer in open court."

have challenging the court's factual conclusion that Shane Franks was the surviving spouse of Jan Franks at the time of her death, but proffered none. After hearing the arguments of counsel, the court found Lewis in contempt of court. It ordered her confined to the county jail unless she purged herself of the contempt by answering the questions of the grand jury by noon of the following day. Lewis appealed from that order, and the same day the Court of Appeals for Montgomery County, with the agreement of the state, stayed the judgment of the trial court finding Lewis in contempt, pending disposition of the appeal.

{¶ 7} The court of appeals affirmed the holding of the trial court finding Lewis in contempt. It determined that R.C. 2317.02(A) authorized a court to compel an attorney to testify once the attorney-client privilege had been waived. The court of appeals further held that R.C. 2317.02(A) gave the same legal status to waiver of the attorney-client privilege by the surviving spouse as waiver of the attorney-client privilege by the client. Accordingly, the waiver of the attorney-client privilege by Shane Nolan Franks, coupled with the grand jury subpoena issued to Lewis, required her to testify regarding attorney-client communications made during her previous representation of Franks by Lewis.

{¶ 8} The cause is before this court upon the allowance of a discretionary appeal. We affirm the judgment of the court of appeals.

{¶ 9} Resolution of this appeal depends on interpretation of R.C. 2317.02. It provides:

{¶ 10} "The following persons shall not testify in certain respects:

{¶ 11} "(A) An attorney, concerning a communication made to the attorney by a client in that relation or the attorney's advice to a client, *except that the attorney may testify* by express consent of the client or, *if the client is deceased, by the express consent of the surviving spouse* or the executor or administrator of the estate of the deceased client * * *." (Emphasis added.)

{¶ 12} Lewis correctly asserts that R.C. 2317.02(A) provides that an attorney *may* testify where a surviving spouse consents to it. She contends that use of the permissive word "may" indicates that an attorney may choose to testify or may refuse to testify, in the attorney's discretion, after a surviving spouse waives the attorney-client privilege.

{¶ 13} The state counters that R.C. 2317.02(A) does not give an attorney the discretion to disregard a valid waiver of attorney-client privilege made by the surviving spouse of a deceased client. It argues that the word "may" is used in the statute, as opposed to the word "shall," because the attorney of a deceased client may never be called to testify, or her testimony may not be relevant, or it may be inadmissible for other reasons. The state adamantly denies that the use of the word "may" in the statute vests an attorney with the final authority to

determine whether attorney-client communications will be disclosed where a client has died.

{¶ 14} We are persuaded by the state's arguments and conclude that the court of appeals correctly interpreted R.C. 2317.02(A). It is axiomatic that the admissibility of evidence in a judicial proceeding is determined by a trial court in the sound exercise of its discretion. See, e.g., *State ex rel. Van Dyke v. Public Emp. Retirement Bd.*, 99 Ohio St.3d 430, 2003-Ohio-4123, 793 N.E.2d 438, ¶ 43. R.C. 2317.02(A) provides that an attorney *may* testify by the express consent of the surviving spouse as opposed to mandating that an attorney *shall* testify by the express consent of the surviving spouse, in deference to the trial court's well-established role as the arbiter of the admission of evidence.

{¶ 15} The attorney-client privilege belongs solely to the client—not the attorney. *Lightbody v. Rust* (2000), 137 Ohio App.3d 658, 739 N.E.2d 840. In the event of the death of a client, R.C. 2317.02(A) entitles the surviving spouse of that client to waive the privilege on behalf of the deceased client. Ultimately, however, determination of whether an attorney must testify in judicial proceedings as to confidences received during representation of a deceased client lies with the court—not the attorney.

{¶ 16} Lewis contends that she knows better than Shane Franks whether Jan Franks would have wanted Lewis to disclose a communication Jan Franks made to her. Whether this is true is irrelevant. The General Assembly made that policy decision. R.C. 2317.02(A) vests authority to waive the attorney-client privilege in a surviving spouse, and not in an attorney. Shane Franks was the surviving spouse of Jan Franks and waived her privilege. Lewis had no legal justification to refuse to answer the questions of the grand jury in derogation of the order of the trial court to do so.

{¶ 17} Nor do we accept the argument that Lewis is ethically barred from answering the grand jury's interrogatories. While an attorney should preserve the confidences and secrets of his client, that obligation "does not preclude a lawyer from revealing information when his client consents after full disclosure, when necessary to perform his professional employment, when permitted by a Disciplinary Rule, *or when required by law.*" (Emphasis added.) EC 4–2.

{¶ 18} Accordingly, DR 4–101 provides:

{¶ 19} "(C) A lawyer may reveal:

{¶ 20} "* * *

{¶ 21} "(2) Confidences or secrets when permitted under Disciplinary Rules or *required by* law or *court order.*" (Emphasis added.)

{¶ 22} We hold that in the event of the death of a client, R.C. 2317.02(A) authorizes the surviving spouse of that client to waive the attorney-client privi-

lege protecting communications between the deceased spouse and attorneys who had represented that deceased spouse. Moreover, we hold that the attorney of a deceased client may not assert attorney-client privilege to justify refusal to answer questions of a grand jury where the surviving spouse of the attorney's client has waived the privilege in conformity with R.C. 2317.02(A) and the attorney has been ordered to testify by a court.

{¶ 23} The trial court did not err in finding Lewis in contempt. The judgment of the court of appeals is therefore affirmed.

Judgment affirmed.

RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur separately.

---

**LUNDBERG STRATTON, J., concurring.**

{¶ 24} I agree with the majority opinion. I write only to clarify my stance on the status of the contempt order against Lewis. The majority concludes by stating, "The trial court did not err in finding Lewis in contempt. The judgment of the court of appeals is therefore affirmed." While I agree that our judgment technically affirms that Lewis was in contempt of the trial court's order compelling her to testify, the assertion of attorney-client privilege under these unique circumstances was an issue of first impression in this state. Consequently, unless Lewis continues to refuse to testify despite our ruling, I believe that no sanctions should be imposed on her. Therefore, I concur.

F.E. SWEENEY, PFEIFER, O'CONNOR and O'DONNELL, JJ., concur in the foregoing concurring opinion.

---

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Carley J. Ingram, Assistant Prosecuting Attorney, for appellee.

Sirkin, Pinales, Mezibov & Schwartz, L.L.P., Martin S. Pinales, John P. Feldmeier and Jarrod M. Mohler; Bieser, Greer & Landis, L.L.P., and David C. Greer; and Steve Keller, Federal Public Defender, for appellant.

Richard A. Magnus, urging reversal for amici curiae National Association of Criminal Defense Lawyers, Ohio Association of Criminal Defense Lawyers, Maumee Valley Criminal Defense Lawyers Association, and Greater Cincinnati Criminal Defense Lawyers Association.

Jim Petro, Attorney General, Douglas R. Cole, State Solicitor, Stephen P. Carney, Senior Deputy Solicitor, Diane Richards Brey, Deputy Solicitor, and Elizabeth Luper Schuster, Assistant Solicitor, urging affirmance for amicus curiae Attorney General of Ohio.