OPINION
{¶ 1} Plaintiffs-appellants, John Wallace and Catherine Wallace, appeal the decision of the Jefferson County Common Pleas Court in a will contest action denying appellants' Civ.R. 27 motion to perpetuate the testimony of a witness because of an attorney-client privilege between the witness and the decedent, and denying the admission of a statement made by the decedent.
 {¶ 2} Appellants are the nephew and niece of Charles Pugliese, who died on September 22, 2003. On February 23, 2004, they filed a complaint challenging the will and trusts executed on March 27, 2002, by Pugliese, including prior trusts. Appellants alleged that certain persons, including defendants-appellees, William McElwain and Janet Ewing, the executor's of the decedent's estate, engaged in self-dealing, undue influence, and fraud in the handling of Pugliese's assets. Appellants also alleged that appellees, among others, in violation of their fiduciary responsibilities, took advantage of Pugliese's impaired physical and mental condition to trick or coerce him into making dispositions of his property that he did not intend to make.
 {¶ 3} During the course of litigation, appellants attempted to depose Augustus Evans, Jr., one of the decedent's former attorneys. Appellees moved to quash that deposition, claiming that any discussions between Pugliese and Attorney Evans were privileged. Appellants responded with a memorandum in opposition to which they attached what purported to be a transcribed statement of Pugliese taken on June 9, 1998, by Attorney Evans.
 {¶ 4} The trial court granted appellees' motion to quash on August 16, 2004. The trial court also found that Pugliese's June 9, 1998 statement was inadmissible. Appellants appealed that decision to this Court in appellate case No. 04-JE-29. On July 28, 2005, we held that an appeal from such an order did not constitute a final appealable order. Unable to review the merits of appellants' arguments at that time, we instead held the appeal in abeyance in order to afford appellants the opportunity to avail themselves of Civ.R. 27, which provides for the perpetuation of testimony.
 {¶ 5} Subsequently, on August 10, 2005, appellants filed a Civ.R. 27 motion to perpetuate Attorney Evan's testimony. Appellee filed a motion in opposition. The trial court held a hearing on the matter on September 12, 2005. Attorney Evans testified at the hearing and appellants also proffered the testimony of John Mascio concerning a statement made by Pugliese. On September 26, 2005, the trial court denied appellants' motion to perpetuate Attorney Evans' testimony. Specifically, the trial court found that "from the affidavit of Augustus H. Evans, Jr. dated August 18, 2005 and from his own testimony at this hearing that an attorney/client relationship existed between the decedent, Charles M. Pugliese, and that the attorney/client privilege has not been waived."
 {¶ 6} This second appeal, under appellate case No. 05-JE-43 now follows. Since the original appeal in appellate case No. 04-JE-29 was held in abeyance pending a possible determination regarding a Civ.R. 27 motion, this second appeal must have been inadvertently assigned a new case number. For purposes of judicial efficiency, appellate case No. 04-JE-29 and appellate case No. 05-JE-43 are hereby consolidated.
 {¶ 7} Under appellate case No. 05-JE-43, appellants' second and third assignments of error state respectively:
 {¶ 8} "The Trial Court Erred in Determining that the Attorney-Client Privilege Had Not Been Waived With Regard to the Matters at Issue in this Case."
 {¶ 9} "The Trial Court Erred in Ruling That Decedent's Deposition was Inadmissible"
 {¶ 10} These assignments of error concern that part of the trial court's August 10, 2004 decision finding Pugliese's June 9, 1998 statement inadmissible. These assignments of error also relate back specifically to the issues appellants originally raised under their assignments of error in appellate case No. 04-JE-29. In appellate case No. 04-JE-29, appellants argued that: (1) Pugliese himself waived the attorney-client privilege prior to his death; (2) appellees, as the executors of Pugliese's estate, waived the attorney-client privilege after Pugliese's death; and (3) Pugliese's June 9, 1998 statement was admissible as an exception to the hearsay rule under Evid.R. 804(B).
 {¶ 11} Since we held appellate case No. 04-JE-29 in abeyance in order to afford appellants the opportunity to avail themselves of Civ.R. 27 to perpetuate Attorney Evans' testimony, we never addressed the merits of these arguments.
 {¶ 12} Appellees take issue with any attempt by this Court to consider those issues now in appellate case No. 05-JE-43 as a retroactive invocation of jurisdiction. For the following reasons, however, we will consider those arguments. First, the trial court's September 26, 2005 decision denying appellants' Civ.R. 27 motion leaves its prior decision concerning the admissibility of Pugliese's statement undisturbed. Second, appellants previously and properly preserved those issues for appellate review and it was this Court's July 28, 2005 decision which postponed consideration of those issues. Third, appellant's second and third assignments of error hinge on an overriding issue critical to both appeals — whether the attorney-client privilege between Pugliese and Attorney Evans was ever waived. More specifically, resolution of that issue will also aid in the resolution of appellants' first assignment of error concerning the trial court's ruling on its Civ.R. 27 motion to perpetuate Attorney Evan's testimony.
 {¶ 13} Also, as an aside, we note that while appellees strenuously object to our considering the issues appellants raised in appellate case No. 04-JE-29 and feel that that appeal should have been dismissed outright, that nevertheless was the final judgment of this Court. Appellees could have filed a App.R.26(A) application for reconsideration directed to that decision and voiced those concerns. They did not, the time has passed for filing such an application, and now is not the time to revisit those issues.
 {¶ 14} Appellants seek the admission of what they term a "deposition" taken of Pugliese on June 9, 1998. The "deposition" is in fact a photocopy of a transcription of an unsworn statement Pugliese gave to Attorney Evans at his office in Steubenville, Ohio. Appellants also submitted a photocopy of a Civ.R. 27 motion to perpetuate Pugliese's testimony filed under Jefferson County Common Pleas Court case No. 98-MI-6 by an attorney on behalf of Pugliese. The petition, filed on July 17, 1998, sought an order perpetuating testimony in connection with an action which may be brought for the return of certain assets contributed by Pugliese to the charitable foundation named for Pugliese and his wife. Nothing in the record establishes what happened with the petition subsequent to it being filed.
 {¶ 15} We review a trial court's decision regarding the admissibility of evidence in a judicial proceeding under an abuse of discretion standard. State v. Doe, 101 Ohio St.3d 170,2004-Ohio-705, 803 N.E.2d 777, at ¶ 14 (involving admissibility of attorney-client communications). "`Abuse of discretion' means unreasonable, arbitrary, or unconscionable." State ex rel.Cranford v. Cleveland, 103 Ohio St.3d 196, 2004-Ohio-4884,814 N.E.2d 1218, ¶ 24.
 {¶ 16} R.C. 2317.02(A), which sets forth the attorney-client privilege, states:
 {¶ 17} "An attorney [shall not testify], concerning a communication made to the attorney by a client in that relation or the attorney's advice to a client, except that the attorney may testify by express consent of the client or, if the client is deceased, by the express consent of the surviving spouse or the executor or administrator of the estate of the deceased client and except that, if the client voluntarily testifies or is deemed by section 2151.421 of the Revised Code to have waived any testimonial privilege under this division, the attorney may be compelled to testify on the same subject[.]"
 {¶ 18} The attorney-client testimonial privilege survives the death of the client. Taylor v. Sheldon (1961),172 Ohio St. 118, 15 O.O.2d 206, 173 N.E.2d 892, paragraph two of the syllabus.
 {¶ 19} The burden of showing that testimony or documents sought to be excluded under the doctrine of privileged attorney-client communications rests upon the party seeking to exclude them. Peyko v. Frederick (1986), 25 Ohio St.3d 164,166, 25 OBR 207, 495 N.E.2d 918.
 {¶ 20} Appellants argue that Pugliese himself waived the attorney-client privilege prior to his death. Appellants maintain that the taking of Pugliese's "deposition" on June 9, 1998, and the filing of the petition to perpetuate his testimony on July 17, 1998, evidences a waiver of the attorney-client privilege concerning the issues in this action contesting Pugliese's will and trusts. Specifically, appellants argue that the filing of the petition constituted an express waiver. Also, citing Ward v.Graydon, Head Ritchey (2001), 147 Ohio App.3d 325,770 N.E.2d 613, appellants argue that Pugliese impliedly waived the attorney-client privilege because when he filed the petition, he placed the privileged material at issue.
 {¶ 21} In Ward, the Twelfth Appellate District adopted a tripartite test to determine whether the attorney-client privileged has been impliedly waived. The test, first espoused inHearn v. Rhay (E.D.Wash. 1975), 68 F.R.D. 574, and sometimes referred to as the "Hearn" test,[1] states that if:
 {¶ 22} "(1) assertion of the privilege is the result of some affirmative act, such as filing suit, by the asserting party, and (2) through the affirmative action, the asserting party has placed the protected information at issue by making it relevant to the case, and (3) application of the privilege would deny the opposing party access to information vital to its defense, the court should find that the asserting party has impliedly waived the privilege through its own affirmative conduct." Ward,147 Ohio App.3d at 330, 770 N.E.2d 613.
 {¶ 23} Ward was one of two shareholders in a close corporation. Ward filed a legal malpractice action against the defendant law firm which he alleged represented the corporation and Ward himself individually. Ward alleged that the firm negligently drafted a stock redemption agreement by failing to include an anti-dilution provision. That allegedly resulted in Ward being unable to regain control of the corporation because his interests became too diluted even if he exercised his stock options. The law firm contended that Ward had been advised to seek separate counsel to represent his own personal interests. The question became whether he relied upon the defendant law firm or the advice he received from another independent lawyer.
 {¶ 24} "In Ward, specifically, with regard to the firstHearn factor, the court found that the assertion of the attorney-client privilege was the result of the appellant's affirmative act of filing a malpractice suit alleging a conflict of interest. Regarding the second factor, the court found that by filing the suit, the appellant placed at issue the question of whether he was communicating with other attorneys and, thus, whether these attorneys were advising him with respect to the issues involved. The court found that whether he got such advice went directly to the fundamental issues of whether the appellee-defendant counsel owed a duty to the appellant. Finally, concerning the third factor, the court found that the application of the attorney-client privilege would deny the appellee access to information vital to their defense and the information could not be obtained from any independent source. The court concluded that as a result of the affirmative act of filing a legal malpractice suit alleging a conflict of interest, the appellant impliedly waived the attorney-client privilege." McMahon v.Shumaker, Loop Kendrick, LLP, 162 Ohio App.3d 739,2005-Ohio-4436, at ¶ 14.
 {¶ 25} To reiterate and clarify, the two cases now on appeal before us involve two different Civ.R. 27 motions. The first one is the one Pugliese himself filed on July 19, 1998. The record does not indicate what ever happened with that motion. The second one is the one filed by appellants herein to perpetuate the testimony of Pugliese's former attorney, Attorney Evans. Appellants are arguing that Pugliese's act of filing the July 19, 1998 Civ.R. 27 motion constituted an implied waiver of the attorney-client relationship.
 {¶ 26} Appellants' reliance on Ward is misplaced. Ward knowingly and voluntarily placed the privileged communications at issue. Pugliese's July 17, 1998 Civ.R. 27 petition to perpetuate his testimony did not put his communications with Attorney Evans at issue. He sought only to preserve his own testimony in the event "should those responsible for fraudulently inducing and/or keeping his money fail to return same."
 {¶ 27} Additionally, a Civ.R. 27 proceeding is not a civil action. An action is when "one party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense. * * * [I]t is * * * any judicial proceeding, which, if conducted to a determination, will result in a judgment or decree." Black's Law Dictionary (8th Ed. 1999), 31, quoting 1 Morris M. Estee, Estee's Pleadings, Practice, andForms, Sec. 3 at 1 (Carter P. Pomeroy ed., 3d ed. 1885). A Civ.R. 27 proceeding does none of these things; it simply preserves testimony for use in future legal actions.
 {¶ 28} In sum, Pugliese neither expressly nor impliedly waived the attorney-client privilege.
 {¶ 29} Next, appellants claim that appellees, as executors of Pugliese's estate, impliedly waived the attorney client privilege between the Pugliese and Attorney Evans when they asked Attorney Evans to provide them with privileged information regarding the various aspects of his representation of Pugliese.
 {¶ 30} Pursuant to R.C. 2317.02(A), if the client is deceased, the attorney may testify by express consent of the executor or administrator of the estate of the deceased client. The attorney-client privilege is governed strictly by R.C.2317.02(A) and Ohio case law interpreting that provision. Evid.R. 501. By its plain language, R.C. 2317.02(A) contemplates the availability of only an express waiver, and there is no Ohio case law interpreting R.C. 2317.02(A) that suggests otherwise. Therefore, appellants' implied waiver argument is not supported by Ohio statutory or case law.
 {¶ 31} In a final attempt to gain admission of Pugliese's June 9, 1998 statement, appellants argue that the statement is admissible as an exception to the hearsay rule under Evid.R. 804(B). As indicated earlier, the statement is a photocopy of a transcription of an unsworn statement Pugliese gave to Attorney Evans at his office in Steubenville, Ohio. The statement consists entirely of privileged communications between Pugliese and Attorney Evans. We have concluded that the privilege has not been waived.
 {¶ 32} Cited earlier in appellants' previous argument, Evid.R. 501 states:
 {¶ 33} "The privilege of a witness, person, state or political subdivision thereof shall be governed by statute enacted by the General Assembly or by principles of common law as interpreted by the courts of this state in the light of reason and experience."
 {¶ 34} The Ohio Supreme Court has stated that this "rule clearly states that the matter of privilege is controlled by statute or common law. This rule removes the matter ofprivileges from the operation of the Rules of Evidence." (Emphasis added.) State v. Smorgala (1990), 50 Ohio St.3d 222,225, 553 N.E.2d 672.
 {¶ 35} Consequently, the Ohio Rules of Evidence, including the exception to the hearsay rule found under Evid.R. 804(B), are not available to appellants as a means to circumvent or supplement R.C. 2317.02(A) and Ohio case law interpreting that provision.
 {¶ 36} Accordingly, appellants' second and third assignments of error are without merit.
 {¶ 37} Returning to appellate case No. 05-JE-43, appellants' first assignment of error states:
 {¶ 38} "It was error for the trial court to deny plaintiffs' motion to perpetuate testimony."
 {¶ 39} To reiterate, on July 28, 2005, this Court held appellate case No. 04J-E-29 in abeyance to afford appellants' the opportunity to avail themselves of Civ.R. 27 to perpetuate the testimony of Attorney Evans. Subsequently, they did, and on September 26, 2005 the trial court denied their motion following a hearing on the matter. To clarify, this assignment of error deals only with that decision.
 {¶ 40} Appellants contend that nowhere in Attorney Evans' testimony at the hearing on the Civ.R. 27 motion or in his affidavit did he say he represented the decedent at the time of the decedent's death.
 {¶ 41} Appellees counter that the trial court did not err in denying appellants' motion to perpetuate Attorney Evans' testimony because the attorney-client privilege had not been waived with regard to the matters at issue in this case. Appellees also assert that appellants did not demonstrate that Evans possessed any relevant, non-privileged evidence which was likely to disappear during the pendency of an appeal.
 {¶ 42} The decision to grant or deny petition to perpetuate testimony is within the sound discretion of trial court. In reBejarano (1989), 65 Ohio App.3d 202, 204, 583 N.E.2d 379.
 {¶ 43} Civ.R. 27(B), which governs depositions to perpetuate testimony pending an appeal, provides:
 {¶ 44} "If an appeal has been taken from a judgment of any court, a party who desires to perpetuate testimony may make a motion in the court where the action was tried, for leave to take depositions upon the same notice and service thereof as provided in (A)(2) of this rule. The motion shall show the names and addresses of the persons to be examined, the subject matter of the testimony which he expects to elicit from each, and the reasons for perpetuating their testimony. If the court is satisfied that the motion is proper to avoid a failure or delay of justice, it may make an order allowing the deposition to be taken and may make orders of the character provided for by Rule 34, Rule 35, and Rule 37. The depositions may be taken and used in the same manner and under the same conditions as are prescribed for depositions in Rule 26 and Rule 32(A)."
 {¶ 45} Civ.R. 26(B) provides, in relevant part:
 {¶ 46} "Unless otherwise ordered by the court in accordance with these rules, the scope of discovery is as follows:
 {¶ 47} "(1) In general. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action * * *."
 {¶ 48} Civ.R. 27(B), read in conjunction with Civ.R. 26(B), supports the position of appellees that Civ.R. 27(B) does not make matters discoverable that would not have been discoverable if the case was still in the trial court and not on appeal.
 {¶ 49} In addition, an affidavit of Evans' admitted into evidence further supports the trial court's conclusion denying appellants' motion to perpetuate his testimony. In the affidavit, dated August 18, 2005, Evans states:
 {¶ 50} "(1) I am a retired attorney. Until my retirement I practiced in Steubenville, Ohio.
 {¶ 51} "(2) For many years I represented Charles M. Pugliese, now deceased.
 {¶ 52} "(3) If I have any knowledge or observations concerning the financial affairs, physical or mental condition or state of mind of Charles M. Pugliese, or any dealings and relationships between Charles M. Pugliese and William W. McElwain and Janet E. Ewing, I would have that knowledge and those observations as a result of my attorney-client relationship with Charles M. Pugliese. Therefore, I would be unable to testify on those subjects unless the attorney-client privilege was waived concerning them."
 {¶ 53} As his affidavit and his testimony make clear, Attorney Evans and Pugliese had an attorney-client relationship and that any information that Attorney Evans might have concerning any of the matters which appellant sought to depose him, he possesses as a result of that relationship. As indicated under appellants' second and third assignments of error, appellants have failed to establish a waiver of the attorney-client privilege. Therefore, appellants have failed to establish that there was any information to discover through Attorney Evans' deposition and the trial court did not abuse its discretion in denying appellants' Civ.R. 27 motion.
 {¶ 54} Accordingly, appellants' first assignment of error is without merit.
 {¶ 55} To summarize, in appellate case No. 04-JE-29, appellants' first and second assignments are without merit. In appellate case No. 05-JE-43, appellants' first, second, and third assignment of error are without merit.
 {¶ 56} As to appellate case Nos. 04-JE-29 and 05-JE-43, the judgments of the trial court are hereby affirmed.
Vukovich, J., concurs.
Waite, J., concurs.
[1] The "Hearn" test has also been adopted by the Second Appellate District in Frank W. Schaefer, Inc. v. C. GarfieldMitchell Agency, Inc. (1992), 82 Ohio App.3d 322, 331,612 N.E.2d 442, the Sixth District in First Union National Bank ofDelaware v. Maenle, 6th Dist. No. H-04-036, 2005-Ohio-4021, at ¶ 29, and the Eighth Appellate District in H D Steel ServiceInc. v. Weston, Hurd, Fallon, Paisley Howley (July 23, 1998), Cuyahoga Dist. No. 72758.