[Cite as *In re Healthwarehouse.com, Inc.*, 2012-Ohio-2266.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: HEALTHWAREHOUSE.COM, INC. | : | APPEAL NO. C-110736 |
| | | TRIAL NO. M-1101203 |
| | : | |
| | : | *O P I N I O N.* |
| | : | |

Civil Appeal From: Hamilton County Common Pleas Court

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: May 23, 2012

*Kohnen & Patton LLP*, *Joseph L. Dilts* and *Rebecca L. Cull*, for Petitioner-Appellee Healthwarehouse.com, Inc.,

*Ulmer & Berne LLP*, *Richik Sarkar*, *Joshua A. Klarfeld* and *Regan N. Schmidt*, for Respondent-Appellant Devos, Ltd., d.b.a. Guaranteed Returns.

Please note: This case has been removed from the accelerated calendar.

**SYLVIA SIEVE HENDON, Judge.**

{¶1} Respondent-appellant, Devos, Ltd., d.b.a. Guaranteed Returns appeals the trial court's orders granting the petition for discovery of petitioner-appellee Healthwarehouse.com, Inc., ("HWI"). In two assignments of error, Guaranteed Returns argues that the trial court erred by granting the petition and by subjecting them to personal jurisdiction in Ohio.

### The Petition for Discovery

{¶2} On October 18, 2011, HWI filed a petition for discovery pursuant to R.C. 2317.48 and Civ.R. 34(D). The trial court entered identical orders granting the petition on the same day and on the following day. The record does not reflect an explanation for the second entry. The petition and the orders were served on Guaranteed Returns on October 24, 2011, seven days after the first order granting the petition had been entered.

### Due Process

{¶3} First, Guaranteed Returns argues that the trial court erred when it granted HWI's petition for discovery without permitting them an opportunity to respond. We agree.

{¶4} Procedural due process is required by the Fourteenth Amendment to the United States Constitution and by the Ohio Constitution, Article I, Section 16. *See State ex rel. Plain Dealer Publishing Co. v. Floyd*, 111 Ohio St.3d 56, 2006-Ohio-4437, 855 N.E.2d 35, ¶ 45. Courts have long recognized that due process requires both notice and an opportunity to be heard. *See In re Thompkins*, 115 Ohio St.3d 409, 2007-Ohio-5238, 875 N.E.2d 582, ¶ 13; *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). To avoid undue prejudice, a party is entitled to sufficient notice and

time to prepare for a hearing on a motion. *See Lindsay v. Jackson*, 1st Dist. No. C-990786, 2000 Ohio App. LEXIS 4043 (Sept. 8, 2000), citing *In re Foreclosure of Liens for Delinquent Taxes*, 79 Ohio App.3d 766, 771, 607 N.E.2d 1160 (2nd Dist.1992).

{¶5} "However hurried a court may be in its efforts to reach the merits of a controversy, the integrity of procedural rules is dependent upon consistent enforcement because the only fair and reasonable alternative thereto is complete abandonment." *Miller v. Lint*, 62 Ohio St.2d 209, 215, 404 N.E.2d 752 (1980). "Thus, if a trial court disregards the response time created by the Ohio Rules of Civil Procedure, that court has committed reversible error," absent a showing that the error was harmless. *Gibson-Myers & Assoc. v. Pearce*, 9th Dist. No. 19358, 1999 Ohio App. LEXIS 5010 (Oct. 27, 1999), following *In re Foreclosure of Liens.*

{¶6} Pre-suit discovery actions under R.C. 2317.48 and Civ.R. 34(D) specifically contemplate the application of the Rules of Civil Procedure. R.C. 2317.48 expressly allows for the filing of a motion to dismiss pursuant to Civ.R. 12:

> When a person claiming to have a cause of action or a defense to an action commenced against him, without the discovery of a fact from the adverse party, is unable to file his complaint or answer, he may bring an action for discovery, setting forth in his complaint in the action for discovery the necessity and the grounds for the action, with any interrogatories relating to the subject matter of the discovery that are necessary to procure the discovery sought. *Unless a motion to dismiss the action is filed under Civil Rule 12*, the complaint shall be fully and directly answered under oath by the defendant. Upon the final disposition of the action, the costs of the action shall be taxed in the manner the court deems equitable. (Emphasis added.)

3

{¶7}    In addition, Civ.R. 34(D) requires a petition for discovery to be served in accordance with the Rules:

(1) * * * [A] person who claims to have a potential cause of action may file a petition to obtain discovery as provided in this rule.  Prior to filing a petition for discovery, the person seeking discovery shall make reasonable efforts to obtain voluntarily the information from the person from whom the discovery is sought.

(2) The petition shall be served upon the person from whom discovery is sought and, if known, any person the petitioner expects will be an adverse party in the potential action, *by one of the methods provided in these rules* for service of summons. (Emphasis added.)

{¶8}    In this case, Guaranteed Returns was not served with the petition until a week after it had been granted by the trial court.  Not only was Guaranteed Returns denied the opportunity to answer or file a motion to dismiss, they had no notice of the action before the discovery orders were entered.

{¶9}    In a similar case, the Tenth Appellate District reversed a trial court's order that granted a Civ.R. 34(D) petition for discovery on the same day that it had been filed, because the respondent had been given no notice and no opportunity to be heard.  *See Westfield Ins. Co. v. Universal Underwriters Group*, 10th Dist. No. 98AP-1116, 1999 Ohio App. LEXIS 2559 (June 3, 1999).  The court held that the trial court had violated the respondent's rights to due process.

{¶10}  In this case, we hold that the trial court violated Guaranteed Returns' due-process rights by granting HWI's petition for discovery on the date it was filed because Guaranteed Returns had been given neither notice of the action nor an opportunity to answer or to file a motion to dismiss.  Consequently, we sustain the first assignment of error

and reverse the trial court's judgments granting HWI's petition for discovery. Our resolution of the first assignment of error renders moot the second assignment of error challenging the court's jurisdiction. We remand this case to the trial court with instructions that it allow Guaranteed Returns time to respond to HWI's petition for discovery.

Judgments reversed and cause remanded.

SUNDERMANN, P.J., and DINKELACKER, J., concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.