[Cite as *Kenneth's Hair Salons & Day Spas, Inc. v. Braun*, 2018-Ohio-186.]

### IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Kenneth's Hair Salons & Day Spas, Inc., | : | |
| Petitioner-Appellee, | : | |
| | : | No. 17AP-816 |
| v. | : | (C.P.C. No. 17MS-634) |
| Jane G. Braun, | : | (REGULAR CALENDAR) |
| Respondent-Appellant. | : | |

## D E C I S I O N

### Rendered on January 18, 2018

*Taft Stettinius & Hollister LLP*, *James D. Abrams* and *David J. Butler*, **for appellee.**

*Hrabcak & Company, L.P.A.*, *Michael Hrabcak* and *Benjamin B. Nelson*, **for appellant.**

### ON MOTION TO DISMISS

KLATT, J.

{¶ 1} Petitioner-appellee, Kenneth's Hair Salons & Day Spas, Inc., has moved to dismiss this appeal for lack of a final appealable order. Respondent-appellant, Jane G. Braun, has filed a memorandum in opposition.

{¶ 2} Kenneth's began this matter in the trial court on October 2, 2017 with a Civ.R. 27 petition to perpetuate testimony. The underlying grievance involves alleged defamatory comments about Kenneth's posted by Braun on social media, and the current Civ.R. 27 petition anticipates an eventual complaint in defamation. Kenneth's filed on October 13, 2017 a notice of service stating that the petition was served on Braun on October 10, 2017. The trial court granted the petition on October 24, 2017, without

receiving a response from Braun or conducting a hearing. The trial court's order requires Braun to submit to a pre-complaint deposition.

{¶ 3} Braun filed on October 27, 2017 a motion for reconsideration in the trial court asserting that Kenneth's Civ.R. 27 petition was defective because it did not conform with Civ.R. 27(A)(1)(a) by asserting that the petitioner "may be [a party] to an action or proceeding cognizable in a court but is presently unable to bring or defend it." Braun also argued that the trial court had not complied with Civ.R. 27(A)(2), which prescribes at least 28 days notice of a hearing on the petition, absent a showing of extraordinary circumstances. Kenneth's filed a memorandum in opposition to the motion for reconsideration.

{¶ 4} The trial court did not rule on Braun's motion for reconsideration because Braun filed a timely notice of appeal to this court on November 21, 2017, from the original trial court order of October 24. Kenneth's moved on November 30, 2017, to dismiss the appeal for lack of a final appealable order. The matter is now before this court solely on that issue.

{¶ 5} Civ.R. 27, allowing for preservation of deposition testimony, comprises one element of the triad of pre-suit discovery mechanisms, along with Civ.R. 34(D) (documents) and R.C. 2317.48 (interrogatories); the newer civil rules supplement, but do not displace, the older statute. *See generally Williard v. E.W. Bliss Co.*, 5th Dist. No. CA-6591 (July 1, 1985). Although there is a marked split in Ohio case law regarding the appealability of such orders when issued as pre-suit or preliminary discovery proceedings, we hold that the present appeal is taken from a final appealable order and deny the motion to dismiss.

{¶ 6} Appellate courts in Ohio have jurisdiction only to review final appealable orders of lower courts within their districts. *K.B. v. Columbus*, 10th Dist. No. 14AP-315, 2014-Ohio-4027, ¶ 8; Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2501.02. If an appeal is not taken from a final appealable order, this court lacks jurisdiction and must dismiss the appeal. *K.B.* at ¶ 8. When determining whether a judgment or order is final and appealable, the appellate court engages in a two-step analysis. The court must first determine if the order is final within the requirements of R.C. 2505.02. Second, if the order satisfies R.C. 2505.02, the court must determine whether Civ.R. 54(B) applies and,

if so, whether the order contains a certification that there is no just reason for delay. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 21 (1989).

{¶ 7} R.C. 2505.02(B) defines a final order as follows:

> (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
>
> (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
>
> (3) An order that vacates or sets aside a judgment or grants a new trial;
>
> (4) An order that grants or denies a provisional remedy and to which both of the following apply:
>
> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
> (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶ 8} Two alternative rationales are argued to support that the present trial court order is appealable under R.C. 2505.02. One is that the order grants a provisional remedy in the form of a deposition that will lead to discovery of privileged or protected material, and thus may be appealed under R.C. 2505.02(B)(4). The other is that an order that grants a Civ.R. 27 petition does not grant a mere "provisional" remedy, but is final and appealable because it effectively determines the action under R.C. 2505.02(B)(1), regardless of the nature of the evidence sought.

{¶ 9} If we consider that the order grants a provisional remedy, it is a "final order" under R.C. 2505.02(B)(4) only if it satisfies a three-part test: (1) the order must either grant or deny relief in the form of a provisional remedy; (2) the order must determine the action with respect to the provisional remedy; and (3) the party appealing from the order

would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action. *Kinsey v. Erie Ins. Group*, 10th Dist. No. 03AP-51, 2004-Ohio-579, ¶ 10.

{¶ 10} Generally, ordinary discovery orders are not final and appealable under R.C. 2505.02(B)(4). *Concheck v. Concheck*, 10th Dist. No. 07AP-896, 2008-Ohio-2569, ¶ 8. However, discovery orders requiring a party to produce privileged or confidential information are final, appealable orders. *Mason v. Booker*, 185 Ohio App.3d 19, 2009-Ohio-6198, ¶ 11 (10th Dist.); *Gibson-Myers & Assocs. v. Pearce*, 9th Dist. No. 19358 (Oct. 27, 1999). This is founded on the premise that "the right to non-disclosure of indiscoverable material is a substantial right," *Natl. Bank, Northeast v. Amedia*, 118 Ohio App.3d 542, 545 (9th Dist.1997), and there is no remedy on appeal that can "unring the proverbial bell" once the privileged information is divulged, *Dispatch Printing Co. v. Recovery Ltd. Partnership*, 10th Dist. No. 05AP-640, 2006-Ohio-1347, ¶ 13.

{¶ 11} "In Ohio, the burden of showing that testimony or documents are confidential or privileged rests upon the party seeking to exclude it." *Covington v. MetroHealth Sys.*, 150 Ohio App.3d 558, 2002-Ohio-6629, ¶ 24 (10th Dist.); *see also Waldmann v. Waldmann*, 48 Ohio St.2d 176, 178 (1976) ("It is well-settled that the burden of showing that testimony sought to be excluded under the doctrine of privileged attorney-client communications rests upon the party seeking to exclude it."). A claim of privilege "must rest upon some specific constitutional or statutory provision." *State ex rel. Grandview Hosp. & Med. Ctr. v. Gorman*, 51 Ohio St.3d 94, 95 (1990).

{¶ 12} Braun has not articulated any specific privileged material that might be disclosed in the deposition ordered by the trial court. Without determining whether a Civ.R. 27 order might under some circumstances constitute a provisional remedy, we conclude that the trial court's discovery order is not appealable under the line of protected-evidence cases set forth above under R.C. 2505.02(B)(4).

{¶ 13} We accordingly turn to the question of whether the order is appealable because it meets the requirements of R.C. 2505(B)(1) as an "order that affects a substantial right in an action that in effect determines the action and prevents a judgment." "An order that affects a substantial right has been perceived to be one which,

if not immediately appealable, would foreclose appropriate relief in the future." *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63 (1993).

{¶ 14} Precedent on this issue is scarce with respect to Civ.R. 27 proper, but more plentiful with respect to the closely related provisions of Civ.R. 34(D). We will examine both.

{¶ 15} Kenneth's relies on the case of *In re Bejarano*, 65 Ohio App.3d 202 (3d Dist.1989), in which the court held that while an order *denying* Civ.R. 27 relief was appealable, an order *granting* a Civ.R. 27 petition for perpetuation of testimony did not affect a substantial right of the prospective defendant. The court reasoned that, while denial of an opportunity to preserve testimony might permanently foreclose any possibility of the petitioner bringing suit on the merits, the mere preservation of testimony did not result in irreparable loss to the respondent. (The court decided the matter under the language of former R.C. 2505.02 as it read prior to amendment in 1998, but the pertinent language parallels current R.C. 2505.02(B)(1)). The Third District Court of Appeals articulated its policy concerns on the issue as well:

> [T]he purpose of Civ.R. 27 is to afford relief from a possible delay of justice. This purpose is hardly served by the delay inherent in the range of appeals which might be promulgated by a prospective defendant. Such delay could result in the loss of the unrecorded testimony the petitioner is attempting to preserve.

*Bejarano* at 205.

{¶ 16} More recently, the First District in *Anglin v. Donohoo*, 1st Dist. No. C-160913, 2017-Ohio-7630, ¶ 3, agreed with the holding in *Bejarano* to the extent that it held that the denial of a motion to dismiss a Civ.R. 27 petition did not "determine the action and prevent a judgment in appellant's favor," because the respondents retained "full rights to defend the depositions." In contrast, the older case of *Hartong v. Alside,* 9th Dist. No. 10020 (June 3, 1981), accepted such an appeal without discussion.

{¶ 17} Like Civ.R. 27, Civ.R. 34 expands the concept of pre-suit discovery to permit the inspection and copying of documents and tangible items, and entry onto premises for inspection of property in the possession of control of a person who has not yet been identified as a potential adverse party. As with Civ.R. 27, the petition for Civ.R. 34(D)

discovery must satisfy the court that the requested discovery is essential to the petitioner's ability to initiate an eventual suit for damages.

{¶ 18} This court, in *Lieberman v. Screen Machine Advertising Specialties & Screen Print Design*, 10th Dist. No. 96APE05-665, 1997 Ohio App. LEXIS 410 (Feb. 4, 1997) considered an appeal from a trial court's pre-petition discovery quest under Civ.R. 34(D). In *Lieberman*, we concluded that the order granting pre-suit discovery was a final order under former R.C. 2505.02, being an order that affects a substantial right, determines the action, and prevents a favorable judgment for the respondents. *Id.* at 1997 Ohio App. LEXIS 410, at *8. We noted that there is no subsequent remedy on appeal for the responding party. *Id.* at *9. We thus concluded that the trial court's order granting a petition and ordering production of documents was appealable. *Id.* We further noted that there was no need for Civ.R. 54(B) language in the trial court's order, because Civ.R. 54(B) applies to those situations where more than one claim for relief is presented in a single action, and a Civ.R. 34(D) petition is a singular and independent claim. *Id.*

{¶ 19} Similarly, this court held two years later in *Westfield Ins. Co. v. Universal Underwriters Group*, 10th Dist. No. 98AP-1116 (June 3, 1999), that an order granting a Civ.R. 34(D) petition without a hearing was appealable and must be reversed.

{¶ 20} As with treatment of Civ.R. 27, other Ohio courts have been far from consistent in addressing Civ.R. 34(D) appeals: The Eleventh District entertained a Civ.R. 34(B) appeal without examining the final appealable order issue. *Rood v. FRJ, Inc.*, 11th Dist. No. 2010-L-077, 2011-Ohio-2712. The Sixth and First Districts rejected such appeals as premature. *Dullinger v. Kolinski*, 6th Dist. No. L-03-1095, 2003-Ohio-3686; *Bright Future Partners, Inc., v. P&G Distrib. LLC*, 1st Dist. No. C-160589, 2017-Ohio-4145; *but see In re Healthwarehouse.com, Inc.*, 1st Dist. No. C-110736, 2012-Ohio-2266 (accepting an identical appeal without discussion).

{¶ 21} Ultimately, this court sees its own precedent in *Lieberman* as persuasive. There is no rationale requiring us to distinguish the present order granting pre-litigation discovery pursuant to Civ.R. 27 from the order and policy considerations that were thoroughly considered in *Lieberman* and *Westfield* under Civ.R. 34(D). We find that the order here is a final appealable order under R.C. 2505.02(B)(1) because it effectively determines the action by granting the petition, and Braun would not be afforded a

meaningful remedy on appeal complying with the trial court's order, and in fact might not have any right to appeal if she is never made a party to any subsequent action. The motion to dismiss the appeal is accordingly denied.

*Motion to dismiss denied.*

BROWN, P.J., and TYACK, J., concur.

―――――――――