[Cite as *Brigner v. Mount Carmel Health Sys.*, 2019-Ohio-4755.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Marilyn Brigner, Executor of the Estate of Larry Brigner, | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 19AP-500 |
| | | (C.P.C. No. 19CV-1082) |
| Mount Carmel Health System d/b/a Mount Carmel West, | : | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellant. | : | |
| | : | |

D E C I S I O N

Rendered on November 19, 2019

*Leeseberg & Valentine, Gerald S. Leeseberg, Anne M. Valentine,* and *Craig S. Tuttle*, for appellee.

*Baker & Hostetler LLP,* and *John H. Burtch*, for appellant.

ON MOTION TO DISMISS

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Mount Carmel Health System, appeals from an entry of the Franklin County Court of Common Pleas denying a motion to stay proceedings in this medical malpractice case. The matter is now before the court on a motion by plaintiff-appellee, Marilyn Brigner, to dismiss the appeal for lack of a final appealable order.

{¶ 2} Appellee, as executor of the estate of her late husband, filed a complaint in the Franklin County Court of Common Pleas commencing a medical negligence and wrongful death action against William S. Husel, D.O., and Mount Carmel Health System. The complaint alleges that the decedent was admitted to a Mount Carmel facility with breathing difficulties and an altered mental state, and that Dr. Husel negligently or intentionally instructed hospital staff to administer a lethal dose of fentanyl. The

complaint alleges that Mount Carmel is vicariously liable for the claims asserted against Dr. Husel, and that additional claims lie against Mount Carmel for negligent credentialing and negligent supervision.

{¶ 3}   This civil case is one of many arising out of similar conduct by Dr. Husel, and his actions have also given rise to criminal proceedings:   On June 5, 2019, the Franklin County Grand Jury returned indictments on 25 counts of murder arising from the deaths of patients who had received lethal doses of fentanyl prescribed by Dr. Husel.

{¶ 4}   Upon return of the indictments, Dr. Husel and Mount Carmel both filed motions in the trial court to stay this civil action until resolution of Dr. Husel's criminal cases. The court's denial of Mount Carmel's motion is the subject of this appeal. The court's denial of Dr. Husel's motion for an indefinite stay lead to a separate appeal by Dr. Husel, which was dismissed by this court on a similar motion for lack of a final appealable order. *Brigner v. Mount Carmel Health Sys.*, 10th Dist. No. 19AP-496, 2019-Ohio-4344.

{¶ 5}   In support of his stay, Dr. Husel argued before the trial court that he would, on the advice of counsel, exercise his Fifth Amendment privilege against self-incrimination in response to interrogatories or deposition questions asked of him in the civil case.   Dr. Husel asserted that, as such, he would be prevented from adequately defending his position in the civil case as long as the criminal matter remained pending. Mount Carmel based its own motion for a stay on the derivative premise that, as long as Dr. Husel was unavailable to testify, Mount Carmel would be unable to adequately develop its defenses in the civil matter.   Mount Carmel also asserted that pending disciplinary actions involving other Mount Carmel personnel before the state pharmacy board and state nursing board would likewise impose collateral restraints on adequate discovery and defense if the civil matter were to proceed without a stay.

{¶ 6}   When denying the defendants' requests for indefinite stays, the trial court noted that the Supreme Court of Ohio, in *State ex rel. Verhovec v. Mascio*, 81 Ohio St.3d 334, 336 (1998), stated that the Fifth Amendment's protection against compulsory self-incriminating testimony does not prohibit civil litigation involving a defendant during the course of his criminal prosecution.   The trial court then applied a six-prong balancing test invoked by federal courts in comparable circumstances to determine when to grant a discretionary stay in civil proceedings, citing *United States v. Ogbazion*, S.D.Ohio No.

3:12-cv-95, 2012 U.S. Dist. LEXIS 136016 (Sept. 24, 2012) and *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83 (2d Cir.2012): 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of, and burden on, the defendants; 5) the interests of the courts in judicial efficiency and orderly management of the case; and 6) the public interests at stake. The court concluded that these factors did not support an indefinite stay of civil proceedings.

{¶ 7}    The present motion to dismiss the resulting appeal raises a specific and limited issue: whether the trial court's denial of an indefinite stay of civil proceedings, pending the outcome of criminal proceedings involving one of the parties to the civil action, constitutes a final appealable order.  For the reasons that follow, we find the motion to dismiss well-taken and dismiss the appeal without further discussing the analysis applied by the trial court in denying the stay.

{¶ 8}    Under the Ohio Constitution, Article IV, Section 3(B)(2), this court's jurisdiction on appeal is limited to a review of final orders of lower courts.  Final orders are those that dispose of the whole case or some separate and distinct branch thereof. *Lantsberry v. Tilley Lamp Co.,* 27 Ohio St.2d 303, 306 (1971).  A trial court order that does not dispose of the entire case is final and appealable only if it otherwise satisfies the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B).

{¶ 9}    Two provisions of the statute are discussed by the parties in this case. Under R.C. 2505.02(B)(1), an order is final and appealable if it "affects a substantial right in an action that in effect determines the action and prevents a judgment."  Under R.C. 2505.02(B)(4), an order is final and appealable if it "grants or denies a provisional remedy." For the latter, the order must determine the action with respect to the provisional remedy and prevent a judgment in favor of the appealing party regarding the provisional remedy, and the order must also be issued under circumstances that do not afford a meaningful and effective remedy to the appealing party following final judgment.  R.C. 2505.02(B)(4)(b). R.C. 2505.02(A)(3) defines a provisional remedy as "a proceeding ancillary to an action,

including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, [or] suppression of evidence."

{¶ 10} Examining first R.C. 2505.02(B)(1), we conclude that the trial court's order does not affect a substantial right which, if not immediately appealable, would foreclose appropriate relief in the future. *See generally Kenneth's Hair Salons & Day Spas, Inc. v. Braun*, 10th Dist. No. 17AP-816, 2018-Ohio-186, ¶ 13.

{¶ 11} Mount Carmel argues that denial of a stay will deny Mount Carmel a fair trial, because "Mount Carmel cannot appropriately develop, evaluate, or apply theories of defense (such as *respondeat superior*) without Dr. Husel's participation."   (Appellant's Memo. in Opp. to Dismissal at 2.)  Again, "[w]hile a [trial] court may stay civil proceedings pending the outcome of parallel criminal proceedings, such action is not required by the Constitution." *Fed. S. & L. Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir.1989), citing *United States v. Kordel*, 397 U.S. 1 (1970) and *Securities & Exchange Comm. v. Dresser Industries, Inc.,* 628 F.2d 1368, 1375 (D.C.Cir.1980), *cert. denied*, 449 U.S. 993 (1980). "The Constitution, therefore, does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings."  *Dresser Industries*, 628 F.2d at 375, citing *Baxter v. Palmigiano*, 425 U.S. 308 (1976).

{¶ 12} Mount Carmel presents no contrary precedent or authority for the proposition that it has a substantial right to a delay in proceedings based on difficulty in obtaining the testimony of a co-defendant who is the object of criminal proceedings. The trial court's denial of a stay in this case accordingly is not appealable under R.C. 2505.02(B)(1) because the order does not affect a substantial right in an action that in effect determines the action and prevents a judgment.

{¶ 13} Nor may Mount Carmel bring this appeal under R.C. 2505.02(B)(4), because under Ohio law denial of a stay does not constitute a denial of a provisional remedy:

> [T]he imposition of a stay merely ceases activity on a case and does not provide for a "provisional remedy." Because the imposition of a stay is not considered a separate proceeding "with its own life," it is not a final order subject to immediate appellate review. It follows that the trial court's denial of [appellant's] motion to stay proceedings pending the outcome of the criminal case cannot be considered a "provisional remedy" under R.C. 2505.02(A)(3). It is axiomatic that if the

> imposition of a stay is not considered a "provisional remedy" as
> defined by R.C. 2505.02(A)(3), then the trial court's denial of a
> motion to stay falls outside of that definition as well.

(Internal citations omitted.)  *Novak v. Studebaker*, 9th Dist. No. C. A. No. 24615, 2009-Ohio-5337, ¶ 12, citing *Community First Bank & Trust v. Dafoe*, 108 Ohio St.3d 472, 2006-Ohio-1503, ¶ 28-31.

{¶ 14} In summary, we find that the present appeal is not taken from a final appealable order and dismiss the appeal. We concurrently deny appellee's motion for an award of fees and costs in connection with the appeal.

*Motion to dismiss granted, motion for fees denied.*

KLATT, P.J., and BEATTY BLUNT, J., concur.