CENTRAL BENEFITS MUTUAL INSURANCE COMPANY, Appellee,

v.

STATE EMPLOYEE COMPENSATION BOARD, Appellee;
Blue Cross & Blue Shield of Ohio, Appellant.

[Cite as *Central Benefits Mut. Ins. Co. v. State
Emp. Comp. Bd.* (1992), 78 Ohio App.3d 172.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–1030.

Decided Jan. 30, 1992.

*Vorys, Sater, Seymour & Pease, Michael J. Canter, Laura G. Kuykendall* and *Andrew M. Kaplan,* for Community Mutual Insurance.

*Luper, Wolinetz, Sheriff & Neidenthal, Stanley L. Myers, K. Wallace Neidenthal* and *Thomas L. Hudson,* for plaintiff-appellee.

*Lee I. Fisher,* Attorney General, *M. Celeste Cook, Michael W. Gleespen* and *Dianne Goss Paynter,* Assistant Attorneys General, for defendant-appellee.

*Climaco, Seminatore, Delligatti & Hollenbaugh, H. Ritchey Hollenbaugh* and *Charles K. Milless; Climaco, Climaco, Seminatore, Lefkowitz & Garofoli Co., L.P.A.,* and *Paul S. Lefkowitz,* for third-party defendant-appellant.

McCormac, Judge.

The State Employee Compensation Board ("SECB"), defendant-appellee, has moved the court to dismiss the appeal filed in this matter by third-party defendant-appellant, Blue Cross & Blue Shield of Ohio ("Blue Cross"), for the reason that it is not a final appealable order.

The orders appealed from are the Court of Claims' orders of September 3, 1991, and September 4, 1991. The September 3 order is an order vacating the court's August 29, 1991 order, which overruled SECB's motion for the right to conduct an audit and to discover relevant information. The order of September 4, 1991 sustained SECB's motion to audit and discover, imposing limitations such as the requirement of confidentiality and a deadline for completion of the audit. The Court of Claims' order of September 4, 1991 also rescheduled the trial date and discovery cutoff to provide time for completion of the audit.

■ The sole issue is whether the order sustaining SECB's motion for an audit is a final appealable order pursuant to R.C. 2505.02 as the other orders are not even arguably appealable. The provision of R.C. 2505.02, which is claimed to be applicable, is that the order affects a substantial right made in a special proceeding. Blue Cross argues that the order herein allowing the audit comes within that language under that authority of *Humphry v. Riverside Methodist Hosp.* (1986), 22 Ohio St.3d 94, 22 OBR 129, 488 N.E.2d 877, on the basis that an appeal after final judgment would not cure the disclosures obtained by the audit and that an immediate appeal provides the only effective remedy. The alleged threat of incurable harm is that the state or competitors of Blue Cross will obtain access to confidential information which a later appeal and reversal cannot eliminate as the information will already have been released. However, the trial court inserted conditions to protect the results of the audit against public disclosure by providing that the results shall be disclosed only to counsel of record and the parties to this action and that those parties shall not disclose the results to anyone else until further order of the court.

■ Given the protection provided by the limitations upon disclosure of the audit by the trial court and the important consideration that the court must balance the harm to the prompt and orderly disposition of litigation from the allowance of an interlocutory appeal against the necessity of an earlier appeal, see *Amato v. Gen. Motors Corp.* (1981), 67 Ohio St.2d 253, 21 O.O.3d 158, 423 N.E.2d 452, we find that the need for an immediate review is substantially outweighed by the policy against disallowing appeals of interlocutory matters. The matter appealed from here is more of the garden-variety discovery than

that of *Humphry,* or *Doe v. Univ. of Cincinnati* (1988), 42 Ohio App.3d 227, 538 N.E.2d 419, and the harm, if any, is not sufficient to warrant the waste of judicial resources inherent in the appeal of an interlocutory matter.

In order for an order to be final and appealable, it must satisfy at least one of the three criteria contained in R.C. 2505.02. Finding that the orders appealed from herein satisfy none of those criteria, the appeal is dismissed.

 SECB also argues that the orders are not appealable because Civ.R. 54(B) language was not included. However, that language is unnecessary, since a discovery order is always interlocutory, leaving other matters to be determined later. In that event, the order is judged on its own merits absent considerations of whether other claims are pending or whether Civ.R. 54(B) language was included.

 SECB has also moved the court for the allowance of attorney fees incurred in obtaining a dismissal of the interlocutory appeal. Even if attorney fees are applicable for the expenses of obtaining the dismissal of an appeal taken from a non-appealable order, we find that attorney fees are not justified in this case. The question of whether the appeal satisfies the criteria of R.C. 2505.02 is sufficiently in question that it was not frivolous to bring the appeal to avoid risking the assertion at the conclusion of the final judgment that the matter was not timely appealed.

The motion for attorney fees is overruled.

The motion to dismiss the appeal for lack of subject matter jurisdiction is sustained. The motion for an award of attorney fees is overruled.

*Motion to dismiss sustained;*
*motion for attorney fees overruled.*

BOWMAN, P.J., and WHITESIDE, J., concur.