OPINION
{¶ 1} Defendant-appellant, Elaina M. Concheck ("appellant"), appeals from a "Protective Order and Confidentiality Order" that the Franklin County Court of Common Pleas, Division of Domestic Relations, issued on October 2, 2007, in the captioned divorce action. Third-party defendant-appellee, National Benefit Programs, Inc. ("NBP"), has filed a motion to dismiss the appeal for lack of a final appealable order. Appellant filed a memorandum in opposition to the motion to dismiss. For the following reasons, we agree that we lack jurisdiction over the merits of this appeal, and we must dismiss it.
 {¶ 2} The factual context for this appeal is as follows. This case began when plaintiff-appellee, Joseph E. Concheck ("appellee"), filed a complaint for divorce against appellant. Later, NBP successfully moved the court for leave to intervene in the action as a third-party defendant. NBP is allegedly a marital asset of the parties, subject to valuation and division in the divorce action. NBP is involved in the case for the limited purpose of ensuring that the discovery and valuation process does not damage the company through the disclosure to third parties of NBP's confidential and proprietary business information and trade secrets.
 {¶ 3} After appellant filed a motion to compel NBP to produce certain business records that she had requested in appellant's First and Second Requests for Production of Documents directed to NBP, NBP filed a motion for a protective order, pursuant to Civ. R. 26(C)(7). Therein, NBP told the court that, while it had already provided appellant with many documents responsive to her requests, many of the remaining documents *Page 3 
requested constitute trade secrets and proprietary business information under R.C. 1333.61. Civ. R. 26(C)(7) provides, inter alia, "[u]pon motion by any party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending may make any order that justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including * * * that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way."
 {¶ 4} Appellant filed a memorandum in opposition to NBP's motion, but the trial court ultimately granted it. The court's Protective Order and Confidentiality Order sets forth its purpose and substance as follows:
 The Court hereby issues the following Protective and Confidentiality Order in conjunction with the appointment [of] the independent court appointed expert, Brian Russell after careful review of the entire court file and consideration of the interest of the [sic] all involved in this litigation, including the parties seeking discovery and the interests of the parties resisting discovery. All parties and/or their agents are subject to this Order. This Order shall not be construed to have prejudged or predetermined any of the parties herein or actions thereof as it relates to requests for release, or improper use of information already received, and/or refusal to release or limit release [of] any information to date.
 The purpose of this Protective Order is to advance the ultimate judicial determination of the value of National Benefit Programs, Inc. ("NBP") and to attempt to protect NBP from potential negative economic effects as a result of possible public exposure in this civil law suit. Further while understanding that it is not a guarantee against further challenges by the individual parties by way of full hearing, given the history of this case to date, it is an attempt to minimize each Parties' fees and expenses incurred herein, and an attempt to minimize further litigation to determine a fair and equitable value of NBP. *Page 4 
IT IS THEREFORE ORDERED:
 1. Any Party may designate a document or information as "Confidential" and subject to this Protective Order and Confidentiality Order if the Party has a good faith belief that the information contained within the document is or are "Trade Secrets" as defined by the Ohio Revised Code § 1333.61(D), is proprietary information, or is otherwise reasonably calculated to risk economic harm or value to [NBP] if subject to public disclosure.
 2. Each party shall disclose and provide a complete listing identifying all documents and/or information produced to the Court's expert, Brian Russell at the time of production and shall update the listing as additional productions are made. The listing shall specifically identify any documents provided that have been marked "Confidential" and shall be provided to all other parties as documents and/or information is produced.
 3. Report of Court Appointed Expert; Brian Russell:
 A. Upon completion of the report of Brian Russell, it will be submitted to the Court (for an in camera review), the Parties' counsel, the Parties and any third-party expert retained by either Party. Brian Russell shall exclude or redact from the Report any specific reference to the details of information, which has been marked "Confidential." Brian Russell shall include in the Report an identification of the documents or information considered by him in rendering his report; whether the information has been classified by either party as "Confidential"; the relevance of the documents or information provided; the weight given to each document(s) or information; in what manner the *Page 5 
information was considered; and whether certain information reviewed by him was not specifically considered. The ultimate determinate of the value of the business shall not be considered Confidential and shall be included in the report.
 B. Brian Russell shall further provide a list of any and all documents or other information provided to him, including but not limited to any documents or other information that have been identified as "Confidential."
 C. Brian Russell shall further identify all documents or other information provided to him that in his professional opinion are trade secrets, proprietary information or otherwise would economically risk the company if subjected to public disclosure, whether or not they have been previously marked as "Confidential" by any party. Brian Russell's opinion as to trade secret etc., shall be considered an advisory opinion only and shall not be considered determinative of the issue.
 D. No Party, person hired by a party, third party expert, or employee or agent thereof shall act, discuss or disclose information (including the ultimate value of [NBP]) contained in Brian Russell's report except to or with his or her attorney(s), third party expert(s), Brian Russell, or the Court or agents thereof until further order of the Court.
 E. After the issuance of Brian Russell's report, any documentation identified as "Confidential" will be made available to counsel for Plaintiff and Defendant for "attorney eyes only" and will not be shared with a Party or with any third party unless otherwise agreed, ordered by the Court or declassified as provided *Page 6 
herein. Counsel will have access to the Confidential information for purposes of preliminary evaluation of the report, discussing it with Brian Russell and preparing this matter for Motion hearing or otherwise, unless otherwise agreed in writing between the Parties or further order of the Court as provided herein.
 4. No Party shall file any "Confidential" documents or depositions containing confidential documents or information with the Court except under seal or submitted to the Court for in camera review unless said documentation or information has been otherwise declassified or further Court order as provided herein. Until further Orders of the Court or by written agreement of the parties, any confidential discovery materials reviewed and/or received pursuant to this Protective Order are for purposes of this civil action only and shall not be disclosed to or discussed with any person by the party who receives such confidential material, except as provided herein, by subsequent agreement of the parties, or subsequent Court Order.
 5. This Order should in no way be interpreted so as to limit any party and/or any party's attorney from attending and/or participating in depositions and/or using depositions for other purposes during the course of this litigation, including impeachment purposes. However, unless otherwise agreed between the parties or further Order of the Court as provided herein, any deposition containing all or part of documentation or information designated as Confidential shall be initially filed under seal and Confidential portions thereof shall not be used or read into the transcript or record without prior approval of the Court.
 6. No party, person hired by a party or employee or agent thereof shall act or disclose information which detrimentally effects [sic] or reasonably *Page 7 
could have been calculated to detrimentally economically effect [sic] [NBP]. This Order shall be binding upon all persons who receive actual or constructive notice of its content and no party shall make any disclosure of confidential information to any person except as allowed herein or by further Order of the Court without first making the person to whom the information is to be disclosed, aware of the terms of this Order and by having that person, in writing, acknowledge this Order and that he/she shall be bound by its terms.
 7. In the event any Party wishes to challenge whether any information is entitled to protection under this Order, the Party shall notify all other parties of his, her or its challenge and attempt in good faith to resolve the dispute informally. If the Parties cannot resolve the dispute informally, the Parties shall submit the dispute to the Court for resolution.
 8. A party may apply for release of "Confidential" information, further protective orders, in camera review, modifications or extension of this Order or declassification of "Confidential" material after first notifying the other Party(ies) in writing of his or her request. Counsel are expected to meet and confer in good faith to resolve any disputes as to release of "Confidential" information, modifications, extensions, further protective orders, in camera review, and/or declassification. If the Parties are unable to reach an agreement through their respective counsel, any Party may file an appropriate Motion with the Court requesting a full hearing thereon. With good cause shown, a Party prevailing in his or her request as indicated herein shall be awarded all or a portion of his or her fees incurred in seeking to release "Confidential" information, further protective orders, modifications or extensions of this Order or declassification of "Confidential" material. *Page 8 
 9. Promptly upon the conclusion of this civil action, all documents produced pursuant to this Protective and Confidentiality Order, including any copies thereof, shall be returned after all appeals are exhausted to the Party that produced such material or, upon the election of the producing Party, shall be destroyed by the Party that received them provided, however, that a Party who destroys such material shall certify such destruction in writing to the Party who produced such material. If copies need to be retained, the counsel shall apply to the Court for permission to retain said confidential information subject to the other provisions of this Order. Parties and Counsel may retain copies of briefs and other papers filed with the Court in this action which contain references to documents produced pursuant to this Protective Order, so long as such briefs and other papers are maintained in accordance with the provisions hereof.
 10. Once the protections in this Order have been attached to a Document(s), Statement or item of information hereinafter communicated, such protection shall not be reduced or waived by further communicating, restating, summarizing discussing or referring to any such documents, statements or information unless otherwise ordered by the Court.
 11. All confidential information relative to the value of [NBP] is limited to use in the present litigation. This Court shall retain jurisdiction over the parties for enforcement of the provisions of this Order following final termination of this litigation. Any Party, third party expert, or agent thereof found to be in violation of this Order will be in contempt of court and subject to significant sanctions as provided by law.
 12. In the event any confidential information is filed in connection with any motion, hearing or trial, such confidential information shall be marked *Page 9 
confidential and filed under seal. Any party may apply to the Court pursuant to the terms of this Order to have information/documentation and/or depositions (all or part), released, declassified, and/or unsealed.
 13. This Order is without prejudice to the right of any Party to seek relief from or modification of any provisions contained in this Order by motion to the Court, and the Parties may modify the provisions of this Order at any time by either a stipulation signed by all Parties and approved by order of the Court, or upon motion and subsequent Order of this Court.
(Emphasis omitted.)
 {¶ 5} Appellant timely appealed and advances two assignments of error, as follows:
 ASSIGNMENT OF ERROR NO. 1
 THE PROTECTIVE ORDER FILED BY THE TRIAL COURT IS A FINAL APPEALABLE ORDER.
 ASSIGNMENT OF ERROR NO. 2
 THE PROTECTIVE ORDER FILED BY THE COURT CONSTITUTED AN ABUSE OF DISCRETION AND WAS CONTRARY TO LAW.
 {¶ 6} We begin with NBP's motion to dismiss. Section 3(B)(2), Article IV of the Ohio Constitution limits this court's appellate jurisdiction to the review of final judgments of lower courts. An order is final and appealable only if the requirements of R.C. 2505.02 are satisfied.Cent. Benefits Mut. Ins. Co. v. State Emp. Comp. Bd. (1992),78 Ohio App.3d 172, 175, 604 N.E.2d 198. If an order is not final and appealable, an appellate court lacks jurisdiction to review the matter and must dismiss the appeal. Davison v. Rini (1996),115 Ohio App.3d 688, 692, 686 N.E.2d 278. *Page 10 
 {¶ 7} Relevant here, R.C. 2505.02(B) provides, in pertinent part:
 An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 * * *
 (4) An order that grants or denies a provisional remedy and to which both of the following apply:
 (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 {¶ 8} Generally, discovery orders are not appealable. Walters v.Enrichment Ctr. of Wishing Well, Inc., 78 Ohio St.3d 118, 121,1997-Ohio-232, 676 N.E.2d 890. However, if they meet the requirements of R.C. 2505.02(B)(4), they are appealable. In its motion to dismiss, appellee concedes that the protective order is a "provisional remedy." However, "[n]ot every provisional remedy is a final order."Armstrong v. Marusic, Lake App. No. 2001-L-232, 2004-Ohio-2594, ¶ 15, citing Ingram v. Adena Health Sys., 144 Ohio App.3d 603, 605,2001-Ohio-2537, 761 N.E.2d 72. NBP argues that the trial court's order is not final because appellant would be afforded a meaningful and effective remedy by an appeal following final judgment. Specifically, appellee points out that the protective order itself provides mechanisms for appellant to seek redress from the trial court in the event that its present terms, or the actions of other parties' thereunder, unfairly limit her ability to discover information relevant to any contested issue. The order allows for applications for *Page 11 
release and/or declassification of information classified as "confidential," in camera reviews, hearings on specific challenges, and modifications or extensions of the order.
 {¶ 9} In her memorandum in opposition to the motion to dismiss, appellant argues that she will not be afforded a meaningful and effective remedy by way of a later appeal because several aspects of the order hamper her ability to pursue her case. She points out that the order does not allow appellant's attorney to see documents marked "confidential" until after the court's expert submits his report, and even then her attorney cannot share the confidential information with appellant's retained expert; and the order limits her ability to depose or impeach the other parties or the court-appointed expert regarding the confidential information. She argues that the court's allowance for challenges to "confidential" designations are insufficient to mitigate this problem because challenges must be made on the "gut" feelings of the attorney, who must act without the benefit of knowing precisely all of the information contained in documents designated "confidential."
 {¶ 10} Contrary to appellant's position, there is nothing in the text of the protective order or in the record that indicates that the trial court has denied appellant access to any document or piece of information without which her case will be prejudiced in such a way that a later appeal will not afford her a meaningful and effective remedy. Because the trial court's order contemplates full consideration of any challenges that appellant makes, through the use of in camera inspections and hearings, and allows for future modifications to the order or declassification of confidential information, the need for an immediate review is substantially outweighed by the general policy disallowing interlocutory appeals. See Cent. Benefits Mut. Ins. Co. v.State Emp. Comp. Bd. (1992), 78 Ohio App.3d 172, *Page 12 
174, 604 N.E.2d 198. Moreover, this case does not involve an order to disclose allegedly privileged material or trade secrets, such that the proverbial bell cannot be unrung. Thus, appellant has not shown that a later appeal will not afford her a meaningful and effective remedy.Dispatch Printing Co. v. Recovery Ltd. Partnership, 166 Ohio App.3d 118,2006-Ohio-1347, 849 N.E.2d 297, ¶ 13; Briggs v. Mt. Carmel HealthSys., Franklin App. No. 07AP-251, 2007-Ohio-5558, ¶ 12; Williams v.Nationwide Mut. Ins. Co., Meigs App. No. 05CA15, 2005-Ohio-6798, ¶ 8-9.
 {¶ 11} For these reasons, we conclude that the order from which appellant has appealed is not a final, appealable order and we lack jurisdiction over this appeal. Accordingly, the motion to dismiss is granted and the appeal is dismissed.
Appeal dismissed.
 KLATT and FRENCH, JJ., concur. *Page 1