[Cite as *Williamson v. Recovery Ltd. Partnership*, 2016-Ohio-1087.]

# IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Michael H. Williamson et al., | : | |
| Plaintiffs-Appellees, | : | |
| v. | : | No. 15AP-638 |
| | | (C.P.C. No. 06CV-4469) |
| Recovery Limited Partnership et al., | : | |
| Defendants-Appellees, | : | (ACCELERATED CALENDAR) |
| [Richard T. Robol, | : | |
| Appellant]. | : | |
| The Dispatch Printing Company et al., | : | |
| Plaintiffs-Appellees, | : | |
| v. | : | No. 15AP-639 |
| | | (C.P.C. No. 05CV-11795) |
| Gilman D. Kirk et al., | : | |
| Defendants-Appellees, | : | (ACCELERATED CALENDAR) |
| [Richard T. Robol, | : | |
| Appellant]. | : | |
| The Dispatch Printing Company et al., | : | |
| Plaintiffs-Appellees, | : | |
| v. | : | No. 15AP-640 |
| | | (C.P.C. No. 05CV-4220) |
| Recovery Limited Partnership et al., | : | |
| Defendants-Appellees, | : | (ACCELERATED CALENDAR) |
| [Richard T. Robol, | : | |
| Appellant]. | : | |

D E C I S I O N

Rendered on March 17, 2016

**On brief:** *Zeiger, Tigges & Little LLP, John W. Zeiger, Steven W. Tigges*, and *Bradley T. Ferrell*, for appellee The Dispatch Printing Company. **Argued:** *Bradley T. Ferrell.*

**On brief:** *Wesp Barwell, LLC*, and *E. Joel Wesp*, for appellees Recovery Limited Partnership and Columbus Exploration, LLC. **Argued:** *E. Joel Wesp.*

**On brief:** *Reminger Co., L.P.A.*, and *Jason D. Winter*, for appellant. **Argued:** *Jason D. Winter.*

APPEALS from the Franklin County Court of Common Pleas

DORRIAN, P.J.

{¶ 1} Appellant, Richard T. Robol, appeals from an order of the Franklin County Court of Common Pleas requiring him to produce certain documents to appellee, Ira O. Kane ("the receiver"), in his capacity as the receiver for defendants-appellees Columbus Exploration, LLC ("Columbus Exploration") and Recovery Limited Partnership ("RLP"). For the reasons that follow, we dismiss these appeals in part and affirm the order in part.

{¶ 2} The events leading to these consolidated cases giving rise to these appeals involves the attempt to recover artifacts and treasures from the shipwreck of the S.S. Central America and are more fully detailed in two prior opinions from this court and an opinion from the United States Court of Appeals for the Fourth Circuit. *See Dispatch Printing Co. v. Recovery Ltd. Partnership*, 10th Dist. No. 14AP-640, 2015-Ohio-1368, ¶ 4-6; *Dispatch Printing Co. v. Recovery Ltd. Partnership*, 10th Dist. No. 14AP-473, 2015-Ohio-381, ¶ 3-12; *Recovery Ltd. Partnership v. Wrecked & Abandoned Vessel S.S. Cent. Am.*, 790 F.3d 522, 524-28 (4th Cir.2015). As relevant to this appeal, Robol was previously counsel for Columbus Exploration and RLP. On June 14, 2013, the trial court appointed the receiver after concluding that Columbus Exploration and RLP were insolvent. The order appointing the receiver authorized him to obtain any and all

property, documents, electronically stored information, and tangible or intangible objects belonging to Columbus Exploration or RLP. The receiver subsequently issued a letter to Robol in July 2013 requesting all documents and tangible things belonging to Columbus Exploration or RLP. Robol initially asserted that he held a retaining lien on the documents and property of Columbus Exploration and RLP as a result of unpaid attorney fees, but this argument was rejected by the trial court below and, in ancillary proceedings, by the United States Court of Appeals for the Fourth Circuit. *See Recovery Ltd. Partnership*, 790 F.3d at 529-30. The property, documents, and electronically stored information sought by the receiver included e-mail communications between Robol and Columbus Exploration and/or RLP. Despite the receiver's July 2013 request, Robol continued to retain certain property and documents sought by the receiver.

{¶ 3} On April 24, 2015, Robol provided to the trial court a flash drive digital storage device purporting to contain 49,000 e-mails sent or received by Robol that were retrieved from a third-party server. Robol asserted that an undetermined number of e-mails on the drive would relate to Columbus Exploration or RLP and would be responsive to the receiver's request. Robol claimed that he lacked the resources to have his attorneys review the drive to extract the relevant documents and lacked the time to perform the review himself; instead, Robol requested that the trial court conduct an in camera review of the drive containing the 49,000 e-mails. Robol asserted that most of the e-mails on the drive would relate to his other clients, which were not parties to the case, and would be protected from disclosure by attorney-client privilege held by those third-party clients.

{¶ 4} Following a status conference with the parties on June 5, 2015, the trial court issued an entry denying the request for an in camera review of the flash drive. The trial court ordered the receiver to propose search terms to be used in reviewing the flash drive and provided that Robol would have an opportunity to object to any of the search terms and propose alternatives. The court indicated that it would provide a computer to be used in performing the search and that the e-mails identified by the search would be turned over to the receiver. The receiver subsequently provided a list of 100 search terms; Robol objected that the search terms were overbroad and that production of all e-mails containing those terms would violate attorney-client privileges held by Robol's third-party clients. The trial court then conducted an additional conference with the parties on

July 2, 2015.  Following that conference, the trial court issued an order providing that counsel would conduct a search of the flash drive using the terms provided by the receiver.  All e-mails identified by the search that were dated before May 12, 2014 or March 10, 2014 for certain search terms, were to be turned over forthwith to the receiver.  All e-mails dated on or after May 12, 2014 (or March 10, 2014), were to be turned over to Robol's counsel for a privilege review and creation of a privilege log to be submitted to the trial court for review.  The order further provided that any e-mails that were provided to the receiver relating to attorney-client privileges held by Robol's third-party clients were subject to the "claw-back provision" of Civ.R. 26(B)(6)(b), and were to be immediately sequestered and returned to Robol's counsel.

{¶ 5}  Robol appeals from the trial court's order, assigning one error for this court's review:

> THE TRIAL COURT ERRED IN FAILING TO CONDUCT *IN CAMERA* REVIEW OR AN EVIDENTIARY HEARING BEFORE REQUIRING THE PRODUCTION OF PRIVILEGED COMMUNICATIONS TO THE RECEIVER.

{¶ 6}  Although the trial court's order was issued pursuant to its prior order appointing the receiver and authorizing him to obtain all documents and property of the receivership entities, rather than in response to a discovery request, it is analogous to a discovery order because Robol asserts that it will lead to the disclosure of materials protected by attorney-client privilege.  Generally, discovery orders are not final and appealable. *Concheck v. Concheck*, 10th Dist. No. 07AP-896, 2008-Ohio-2569, ¶ 8.  However, discovery orders requiring a party to produce privileged or confidential information are final and appealable orders.  *See Mason v. Booker*, 185 Ohio App.3d 19, 2009-Ohio-6198, ¶ 11 (10th Dist.).  Therefore, we begin by considering whether this court has jurisdiction over this appeal.

{¶ 7}  Courts of appeals have jurisdiction to review final orders of lower courts.  Ohio Constitution, Article IV, Section 3(B)(2). A trial court order is final and appealable if it meets the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). *Eng. Excellence, Inc. v. Northland Assoc., L.L.C.*, 10th Dist. No. 10AP-402, 2010-Ohio-6535, ¶ 10.  Appellate courts use a two-step analysis to determine whether an order is final and appealable: first, the court determines if the order is final under the requirements of R.C.

2505.02, and second, the court determines whether Civ.R. 54(B) applies and, if so, whether the order contains a certification that there is no just reason for delay.  *Id.*

{¶ 8}  The statute governing final orders provides that certain orders related to provisional remedies are final orders:

> (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> * * *
>
> (4) An order that grants or denies a provisional remedy and to which both of the following apply:
>
> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
>
> (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

R.C. 2505.02. A "provisional remedy" is defined as a proceeding ancillary to an action, including "discovery of privileged matter."  R.C. 2505.02(A)(3).  "An order requiring the release of privileged or confidential information in discovery determines the action with respect to a provisional remedy and prevents the appealing party from obtaining an effective remedy following final judgment because the privileged information has already been released."  *Randall v. Cantwell Mach. Co.*, 10th Dist. No. 12AP-786, 2013-Ohio-2744, ¶ 7.  Because the proverbial bell cannot be unrung after the privileged information has been released, orders requiring the production of privileged material are final and appealable.  *Id.*  Therefore, we must consider whether the trial court's order is a final, appealable order.

{¶ 9}  Robol asserts that the trial court's order will force him to produce to the receiver e-mails containing communications with clients other than RLP and Columbus Exploration, thereby violating attorney-client privilege protections belonging to those third-party individuals or entities.  The e-mails to be searched under the court's order were purportedly retrieved from a third-party server containing all of Robol's e-mail records.  Because some of the search terms identified by the receiver are broad and

because Robol has represented other clients engaged in activities similar to those conducted by RLP and Columbus Exploration, Robol claims that the search will necessarily capture communications with other clients. For example, one of the search terms is "salvage," and Robol asserts he has represented multiple other clients involved in salvage operations. Robol notes that the trial court admitted at the July 2, 2015 conference that it was probable that the search would identify e-mails that related to Robol's other clients.

{¶ 10} We must carefully examine the trial court's order to determine whether it requires Robol to produce potentially privileged material to the receiver and, therefore, whether it constitutes a final, appealable order.

{¶ 11} The order provided that counsel would conduct a search of the e-mails for key word terms identified by the receiver. The order specified that all identified e-mails dated before May 12, 2014 (or before March 10, 2014, for the terms "California Gold," "Manley," or "Richard Howell") were to be turned over to the receiver forthwith, subject to a "claw-back provision" under Civ.R. 26(B)(6)(b). All identified e-mails dated on or after the specified dates were to be turned over to Robol's counsel for a privilege review and creation of a privilege log to be submitted to the court. Thus, the court's order had the effect of creating two classes of identified e-mails containing one or more of the relevant search terms: (1) those dated before May 12, 2014 (or March 10, 2014 for three specified terms), and (2) those dated on or after May 12, 2014 (or March 10, 2014). For purposes of analysis, we will refer to these e-mails as the "group 1 e-mails" and "group 2 e-mails," respectively.

{¶ 12} With respect to group 2 e-mails, the order does *not* require immediate production to the receiver. Instead, the order provides that group 2 e-mails are to be provided to Robol's counsel for a privilege review and creation of a privilege log. This appears to be exactly the procedure that Robol argues the trial court should have followed. Even if group 2 e-mails contain communications protected by attorney-client privilege belonging to unrelated third parties, the trial court's order is not final and appealable with respect to group 2 e-mails because it does not require production of those e-mails to the receiver.

{¶ 13} Accordingly, we dismiss Robol's assignment of error for lack of a final, appealable order to the extent he asserts that the trial court erred by failing to conduct an in camera review or hold an evidentiary hearing with respect to group 2 e-mails.

{¶ 14} With respect to group 1 e-mails, the order requires that they be produced to the receiver and does not provide for any privilege review by Robol's counsel or by the court prior to production to the receiver. Robol argues that, due to the broad nature of the search terms, group 1 e-mails will necessarily include his communications with third-party clients. Robol asserts that production of such communications will violate the attorney-client privilege and that an immediate appeal is necessary because the proverbial bell cannot be unrung once any privileged communications have been released. Because the order does not provide for a privilege review by the court, to the extent Robol argues that production of group 1 e-mails to the receiver would result in immediate disclosure of communications covered by attorney-client privilege protections of third parties, it is a final, appealable order.

{¶ 15} "In Ohio, the burden of showing that testimony or documents are confidential or privileged rests upon the party seeking to exclude it." *Covington v. MetroHealth Sys.*, 10th Dist. No. 02AP-243, 2002-Ohio-6629, ¶ 24. *See also Waldman v. Waldman*, 48 Ohio St.2d 176, 178 (1976) ("It is well-settled that the burden of showing that testimony sought to be excluded under the doctrine of privileged attorney-client communications rests upon the party seeking to exclude it."). A claim of privilege "must rest upon some specific constitutional or statutory provision." *State ex rel. Grandview Hosp. & Med. Ctr. v. Gorman*, 51 Ohio St.3d 94, 95 (1990).

{¶ 16} "The attorney-client privilege in Ohio is governed by R.C. 2317.02(A) and, in cases not addressed there, by common law." *MA Equip. Leasing I, LLC v. Tilton*, 10th Dist. No. 12AP-564, 2012-Ohio-4668, ¶ 19, citing *State ex rel. Leslie v. Ohio Hous. Fin. Agency*, 105 Ohio St.3d 261, 2005-Ohio-1508, ¶ 18. "Under the attorney-client privilege, '(1) [w]here legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence, (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived.' " *Leslie* at ¶ 21,

quoting *Reed v. Baxter*, 134 F.3d 351, 355-56 (6th Cir.1998); *Perfection Corp. v. Travelers Cas. & Sur.*, 153 Ohio App.3d 28, 2003-Ohio-3358, ¶ 12 (8th Dist.).

{¶ 17} In this case, Robol has failed to carry the burden of establishing that production of group 1 e-mails to the receiver would result in the disclosure of materials protected by attorney-client privileges held by his third-party clients. Despite having possession of the drive containing the e-mails and being notified of the search terms proposed by the receiver, Robol has failed to identify *any* specific communications with third-party clients that would be contained in group 1 e-mails under the trial court's order. Robol asserted to the trial court that he lacked the resources and time to complete a review of the e-mails to extract those relating to RLP and Columbus Exploration. However, Robol has failed to identify even a single specific e-mail as a representative example to substantiate his privilege argument sent to or received from a third-party client before May 12, 2014 (or March 10, 2014) that contained one or more of the receiver's search terms and that therefore would be included in group 1 e-mails to be produced to the receiver. By contrast, Robol appears to have performed at least a partial review of his e-mails in response to a request for production of documents issued by one of the plaintiffs, because he submitted a privilege log asserting that certain e-mail communications should not be produced to the plaintiff pursuant to that document request. Absent the identification of any purportedly privileged communications, it is impossible to determine whether attorney-client privilege applies to those communications—i.e., neither the trial court nor this court could determine whether the elements required to establish the privilege were present, such as whether the communications involved legal advice and were made in confidence. *See, e.g., State ex rel. Lanham v. DeWine*, 135 Ohio St.3d 191, 2013-Ohio-199, ¶ 28 (determining that certain e-mail communications were protected by attorney-client privilege).

{¶ 18} Despite the lack of any specific showing that group 1 e-mails would contain communications with third-party clients protected by attorney-client privilege, the trial court included a provision in the order to protect against any waiver of such privilege through production to the receiver. The order provided that any e-mails relating attorney-client privileged communications between Robol and third-party clients were subject to the "claw-back provision" of Civ.R. 26(B)(6)(b) and that they were to be

promptly sequestered and returned to Robol's counsel. Thus, it appears that the trial court imposed reasonable measures to protect against waiver of any potential attorney-client privilege held by Robol's third-party clients.

{¶ 19} Under the circumstances presented in this case, Robol failed to demonstrate that production of group 1 e-mails would result in the disclosure of attorney-client privileged communications with third-party clients. Therefore, the trial court did not err by ordering production of group 1 e-mails to the receiver without conducting an in camera review or an evidentiary hearing.

{¶ 20} Accordingly, we overrule Robol's assignment of error to the extent that he asserts the trial court erred by failing to conduct an in camera review or hold an evidentiary hearing with respect to group 1 e-mails.

{¶ 21} For the foregoing reasons, we dismiss in part and overrule in part Robol's sole assignment of error, and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and KLATT, JJ., concur.

_____