[Cite as *Nami v. Nami*, 2017-Ohio-8330.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Veda C. Nami, | : | |
| Plaintiff-Appellee, | : | No. 17AP-265 |
| | | (C.P.C. No. 15DR-2194) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Majeed S. Nami, | : | |
| Defendant-Appellant, | : | |
| Nami Capital Partners, LLC et al., | : | |
| Third-Party Defendants/ Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on October 26, 2017

**On brief:** *Sowald Sowald Anderson Hawley & Johnson*, and *Marty Anderson*, for appellee.

**On brief:** *Wolinetz and Horvath LLC*, and *Barry H. Wolinetz*, for appellant. **Argued:** *Barry H. Wolinetz*.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

BROWN, J.

{¶ 1} Majeed S. Nami, defendant-appellant, appeals from the judgment entry of the Franklin County Court of Common Pleas, Division of Domestic Relations, in which the court denied appellant's motion to vacate judgment entry/order for discovery compliance.

{¶ 2} Appellant and Veda C. Nami, plaintiff-appellee, were married in 1978, and have three emancipated children. On June 11, 2015, appellee filed a complaint for divorce, naming appellant as defendant and 11 entities as third-party defendants. On July 6, 2015,

the defendants filed a motion to dismiss the complaint, claiming the trial court lacked personal and/or subject-matter jurisdiction.

{¶ 3}  On August 3, 2015, appellee served appellant a request for production of documents.

{¶ 4}  On November 6, 2015, appellant served appellee a first request for production of documents.

{¶ 5}  On December 10, 2015, the trial court issued a judgment entry denying the defendants' motion to dismiss the complaint. The court clarified in a later entry that it had jurisdiction only over appellant and two of the named defendant entities.

{¶ 6}  On January 12, 2016, appellee filed a motion to compel regarding her August 3, 2015 request for production of documents.

{¶ 7}  On January 19, 2016, appellee filed a motion seeking a temporary protective order regarding appellant's first request for production of documents.

{¶ 8}  On March 30, 2016, the magistrate issued an order excusing appellee from appellant's November 6, 2015 discovery request until appellant produced or allowed inspection of the documents requested by appellee. The order indicated that once appellee's request for production of documents was satisfied, appellee would have 28 days to comply with appellant's discovery request.

{¶ 9}  On October 5, 2016, the trial court entered a judgment entry/order for discovery compliance. The entry ordered appellant produce or permit inspection and copying of certain documents by October 20, 2016; appellant's tax accountant produce all financial information related to appellant and his related entities; the parties report to the court on November 4, 2016 regarding compliance with the order; and appellee would not be required to produce discovery until compliance was confirmed at the November 4, 2016 hearing.

{¶ 10} Appellant subsequently produced certain discovery and permitted appellee to review records at his place of business on February 24, 2017.

{¶ 11} On March 12, 2017, appellant filed a motion to vacate judgment entry/order for discovery compliance filed October 5, 2016, but did not indicate any reason for doing so in his motion. On March 16, 2017, appellee filed a motion to dismiss appellant's motion to vacate judgment entry/order for discovery compliance, arguing there was no good reason to vacate the October 5, 2016 judgment entry, and appellant had still not complied

with that order. Also on March 16, 2017, the trial court issued a judgment entry, in which it denied appellant's motion to vacate judgment entry/order for discovery compliance, indicating that the totality of circumstances demonstrates that the judgment entry was equitable. Appellant appeals the judgment of the trial court, asserting the following assignments of error:

> I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ISSUING THE *JUDGMENT ENTRY* OF MARCH 16, 2017.
>
> a. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DID NOT CONDUCT AN EVIDENTIARY HEARING AND WHEN IT DID NOT SET FORTH FINDINGS OF FACT AND CONCLUSIONS OF LAW WITH REGARD TO THE REASONS SUPPORTING ITS DECISION IN THE *JUDGMENT ENTRY* OF MARCH 16, 2017.
>
> b. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT PREVENTED THE APPELLANT FROM CONDUCTING DISCOVERY.

(Emphasis sic.)

{¶ 12} Initially, we must address appellee's argument that appellant's appeal is not from a final appealable order. Article IV, Section 3(B)(2), of the Ohio Constitution limits an appellate court's jurisdiction to the review of final orders. " 'A final order * * * is one disposing of the whole case or some separate and distinct branch thereof.' " *Noble v. Colwell*, 44 Ohio St.3d 92, 94 (1989), quoting *Lantsberry v. Tilley Lamp Co.*, 27 Ohio St.2d 303, 306 (1971). An appellate court must dismiss an appeal taken from an order that is not final and appealable. *Farmers Mkt. Drive-In Shopping Ctrs., Inc. v. Magana*, 10th Dist. No. 06AP-532, 2007-Ohio-2653, ¶ 10, citing *Renner's Welding & Fabrication, Inc. v. Chrysler Motor Corp.*, 117 Ohio App.3d 61, 64 (4th Dist.1996).

{¶ 13} The Supreme Court of Ohio has set forth a two-step analysis for determining whether an order is final and appealable. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 21 (1989). First, the appellate court must determine whether the order constitutes a final order as defined by R.C. 2505.02. *Id.* If the order is final under R.C. 2505.02, the court must determine whether Civ.R. 54(B) applies. *Id.* Civ.R. 54(B) provides, in part, as follows:

In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

{¶ 14} Thus, if Civ.R. 54(B) language is required, the court must determine whether the order contains a certification that "there is no just reason for delay." Where an order adjudicates fewer than all claims in a case, it must meet the requirements of both R.C. 2505.02 and Civ.R. 54(B) to be final and appealable. *Noble* at syllabus.

{¶ 15} For purposes of Civ.R. 54(B) certification, the trial court makes a factual determination of whether or not an interlocutory appeal is consistent with the interests of sound judicial administration. *Wisintainer v. Elcen Power Strut Co.*, 67 Ohio St.3d 352 (1993), paragraph one of the syllabus. An appellate court reviews these findings under a competent, credible evidence standard, *see Hausman v. Dayton*, 2d Dist. No. 13647 (Dec. 22, 1993), *rev'd on other grounds*, 73 Ohio St.3d 671 (1995), with the focus being whether the court's determination serves judicial economy at the trial level. *Wisintainer* at 355. While this is a very deferential standard, and appellate courts have been reluctant to strike such a certification, the trial court's use of the "magic language" of Civ.R. 54(B) does not, by itself, convert a final order into a final appealable order. *See Ralston v. Scalia*, 5th Dist. No. CA-9344 (Jan. 10, 1994) (appeal dismissed for lack of final appealable order notwithstanding the presence of no just reason for delay language).

{¶ 16} R.C. 2505.02 defines "final orders" as, among other things:

(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

(3) An order that vacates or sets aside a judgment or grants a new trial;

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶ 17} In the present case, appellant did not mention in his motion to vacate under what legal theory he sought vacation. Assuming he meant it to be a motion to vacate, pursuant to Civ.R. 60(B), it is well-settled that a trial court's denial of a motion to vacate a judgment pursuant to Civ.R. 60(B) is a final appealable order. *Colley v. Bazell*, 64 Ohio St.2d 243, 245 (1980). However, a Civ.R. 60(B) motion to vacate lies only from a "final judgment, order, or proceeding." When the underlying order is not itself a final judgment, Civ.R. 60(B) is not a proper procedural mechanism for relief and it cannot be used to convert an otherwise non-final judgment into a final appealable order. *Kalapodis v. Hall*, 9th Dist. No. 22386, 2005-Ohio-2567, ¶ 10.

{¶ 18} " 'Discovery orders have long been recognized as interlocutory,' and are neither final nor appealable." *State v. Colon*, 8th Dist. No. 103150, 2016-Ohio-707, ¶ 10, quoting *Klein v. Bendix-Westinghouse Automotive Air Brake Co.*, 13 Ohio St.2d 85, 87 (1968). *See also Williamson v. Recovery L.P.*, 10th Dist. No. 15AP-638, 2016-Ohio-1087, ¶ 6, citing *Concheck v. Concheck*, 10th Dist. No. 07AP-896, 2008-Ohio-2569, ¶ 8 (generally, discovery orders are not final and appealable). In other words, because the trial court's judgment is subject to revision, it does not fully determine the proceedings. *Colon* at ¶ 10. Furthermore, discovery orders that deny discovery, in particular, are not typically considered final appealable orders. *Curtis v. Adult Parole Auth.*, 10th Dist. No. 04AP-1214, 2005-Ohio-4781, ¶ 12 (discovery orders are generally interlocutory and, as such, are neither final nor appealable, especially those that deny discovery). Here, the only aspect of the October 5, 2016 discovery order to which appellant objects in his appellate brief is the trial court's denial of his ability to procure discovery from appellee

until he fully complied with appellee's discovery requests. Although appellant claimed it would hamper his ability to prepare for trial, the order merely denied him discovery temporarily until he complied with the court's order to comply with appellee's discovery requests. Thus, the trial court's October 5, 2016 entry would usually be considered an interlocutory order.

{¶ 19} However, certain discovery orders may be final if they are considered provisional remedies under R.C. 2505.02(B)(4). A provisional remedy "means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, [or] suppression of evidence." R.C. 2505.02(A)(3). Very few discovery proceedings qualify as provisional remedies. *Myers v. Toledo*, 110 Ohio St.3d 218, 2006-Ohio-4353, ¶ 24. "The General Assembly stopped short of including all discovery orders in the provisional-remedy section." Furthermore, in *Smith v. Chen*, 142 Ohio St.3d 411, 2015-Ohio-1480, ¶ 8, the Supreme Court found that a party attempting to appeal an order compelling discovery of privileged materials must establish, pursuant to R.C. 2505.02(B)(4)(b), that an immediate appeal is necessary to afford the appellant a meaningful and effective remedy.

{¶ 20} Here, appellant has never claimed any of the discovery sought by appellee was privileged, and, as mentioned before, appellant does not contest the portion of the discovery order that compels him to comply with appellee's discovery requests; he only argues that the order unfairly prohibited him from conducting his own discovery. Thus, R.C. 2505.02(B)(4) does not assist appellant.

{¶ 21} In addition, appellant cannot show, under R.C. 2505.02(B)(4)(a) that the trial court's October 5, 2016 order prevented a judgment with respect to the provisional remedy. Pursuant to the order, appellant clearly is entitled to commence discovery as soon as he complies with appellee's discovery requests. Likewise, appellant cannot show, under R.C. 2505.02(B)(4)(b), that he would not be afforded a meaningful or effective remedy by an appeal following final judgment. The prohibition against appellant's conducting discovery is only temporary. Assuming appellant eventually complies fully with the October 5, 2016 order, he will be permitted to engage in discovery, and all discovery matters will be resolved by the time of the final decree without any meaningful prejudice being suffered by appellant.

{¶ 22} Therefore, the trial court's October 5, 2016 order regarding discovery was not a "provisional remedy" as defined by R.C. 2505.02(A)(3). Instead, the trial court's October 5, 2016 order was merely an interlocutory order subject to modification. *See* Civ.R. 54(B) (interlocutory orders are subject to revision). Because Civ.R. 60(B) may only be used to obtain relief from final judgments, appellant's purported motion to vacate was more properly a motion for reconsideration. *Hack v. Keller*, 9th Dist. No. 14CA0036-M, 2015-Ohio-4128, ¶ 15 (purported motion to vacate pursuant to Civ.R. 60(B) was a mislabeled motion for reconsideration because Civ.R. 60(B) may only be used to obtain relief from final judgments); *see also State ex rel. Dewine v. Big Sky Energy, Inc.*, 11th Dist. No. 2014-A-0060, 2015-Ohio-2594, ¶ 27, citing *Thorpe v. Oakford*, 11th Dist. No. 94-P-0057 (Jan. 19, 1996) (a motion that seeks relief from an interlocutory order is more properly characterized as a motion for reconsideration). The reconsideration of an interlocutory order is itself an interlocutory order, not subject to appeal. *G.S. v. Khavari*, 11th Dist. No. 2016-T-0036, 2016-Ohio-5187, ¶ 12, citing *State v. Beck*, 11th Dist. No. 2014-P-0050, 2015-Ohio-1069, ¶ 41; *Beyke v. Beyke*, 3d Dist. No. 14-05-13, 2005-Ohio-5465, ¶ 17. This principle is consistent with the general rule that a trial court has plenary power to review its own interlocutory rulings prior to entering final judgment. *Vanest v. Pillsbury Co.*, 124 Ohio App.3d 525, 535 (4th Dist.1997).

{¶ 23} Thus, because the trial court's order denying appellant's motion to vacate the discovery order was an interlocutory order reconsidering an underlying interlocutory order, it does not constitute a final appealable order. Therefore, this court does not have jurisdiction to consider appellant's substantive challenges to the trial court's denial on appeal.

{¶ 24} Accordingly, we find the judgment entry of the Franklin County Court of Common Pleas, Division of Domestic Relations, from which appellant appealed, was not a final appealable order. Appellant's appeal is therefore dismissed.

*Appeal dismissed.*

DORRIAN and HORTON, JJ., concur.

_____